Clause Printing Press Co. *et al. v.* Chicago Trust and Savings Bank.

---

CLAUSE PRINTING PRESS COMPANY ET AL. *v.* THE
CHICAGO TRUST AND SAVINGS BANK.

[No. 18,259.   Filed November 16, 1897.]

PRACTICE.—*Motion to Strike Out a Motion.*—There is no error in refusing to entertain a motion to strike out a motion.

APPEAL AND ERROR.—*Motion to Correct Record.*—A motion to correct the record of a judgment by a *nunc pro tunc* entry is not a part of the record unless made so by bill of exceptions or by an order of court.

SAME.—*Practice.*—*Hearing Motion to Correct a Record, Not a Trial.*— The hearing of a motion to correct the record of a judgment by a *nunc pro tunc* entry is not a trial, and the code of civil procedure

does not contemplate a new trial of such motion; the proper practice is to except to the action of the court in refusing or making the amendment, and on appeal assign such action of the trial court for error.

From the Elkhart Circuit Court. *Affirmed.*

*Henry C. Dodge,* for appellants.

*James H. State, Livy Chamberlain, John M. Van Fleet* and *Vernon W. Van Fleet,* for appellee.

McCABE, C. J.—The appellee filed an application or motion to correct the record of a judgment in favor of the appellee by making a *nunc pro tunc* entry. The entry and correction sought were made. It is assigned for error that the trial court erred in overruling appellant's motion to strike out plaintiff's complaint, as it is called in the assignment of errors, but it is not a complaint; it is a mere motion. *Latta* v. *Griffith,* 57 Ind. 329; *Urbanski* v. *Manns,* 87 Ind. 585. And that said court erred in overruling appellant's motion for a new trial. There is no error in refusing to entertain a motion to strike out a motion. *Urbanski* v. *Manns, supra.* And that is what the action of the trial court, in effect, amounted to. *Blemel* v. *Shattuck,* 133 Ind. 498. Appellee's counsel object to the consideration of the question arising on the motion for the correction of the record on the ground that the motion is not any part of the record, not having been incorporated therein by a bill of exceptions. There seems to be no bill of exceptions or order of court making said motion a part of the record. It has been settled by this court that such a motion is not a part of the record unless made so by a bill of exceptions or an order of court. *Ellis* v. *Keller,* 82 Ind. 524; *Scotten* v. *Divilbiss,* 60 Ind. 37; *Conway* v. *Day,* 79 Ind. 318; Elliott's App. Proced., section 215.

The Evansville, etc., Co. *et al. v.* Winsor, by Next Friend.

There was no available error in overruling the motion for a new trial. It has again and again been decided by this court that no pleadings are contemplated or required in a proceeding of this kind. It is a simple motion to be heard in a summary way. Nor does the action of the trial court in either refusing or granting the application and the correction of the judgment furnish any ground for a motion for a new trial. The hearing of the motion is not a trial in any proper sense and our code of civil procedure does not contemplate a new trial of such a motion nor is a new trial thereof appropriate. *Runnels* v. *Kaylor,* 95 Ind. 503, and cases there cited; *Blizzard* v. *Blizzard,* 40 Ind. 344. The proper practice is to except to the action of the court in either refusing or making the amendment, and on appeal to assign such action of the trial court for error.

There was no available error in overruling the motion for a new trial. There being no other assignment of error the judgment must be, and is affirmed.