MORROW, SURVEYOR, ETC., *v.* GEETING ET AL.

[No. 2,733. Filed December 13, 1899.]

JUDGMENT.—*Motion to Correct.—Review on Appeal.*—The action of the trial court in overruling a motion to strike out part of a judgment is not reviewable on appeal. *p. 496.*

SAME.—*Correction.— Pleading.— Motion.*— A motion directing the court's attention to the specific record in which a judgment was rendered, to the parts sought to be stricken out, and assigning reasons therefor, is sufficient to correct a judgment rendered by such court at a previous term. *pp. 496, 497.*

DRAINS. — *Assessments For Repair Do Not Bear Interest.* — Assessments against lands, under §5631 Burns 1894, for the repair of a ditch do not bear interest as do judgments for the recovery of money. *pp. 498-501.*

From the Howard Circuit Court. *Affirmed.*

*J. C. Blacklidge, C. C. Shirley, M. Bell, W. C. Purdum, B. C. Moon* and *C. Wolf,* for appellant.

*J. F. Elliott* and *W. C. Overton,* for appellees.

WILEY, C. J.—The surveyor of Howard county made assessments against the lands of appellees and others for the purpose of creating a fund to pay for cleaning out and repairing a public ditch. From such assessments appellees appealed to the circuit court. Issues were joined, trial by the court. At the request of one of the parties, the court made a special finding of facts, and stated its conclusion of law thereon. As its conclusion of law the court stated that appellees' lands were not lawfully assessed, and rendered judgment accordingly. From this judgment the surveyor appealed, and this court reversed the judgment, and directed the trial court to restate its conclusions of law and confirm the assessments. *Morrow* v. *Geeting,* 15 Ind. App.

358.  When the opinion of this court was certified to the court below, the judge made upon the bench docket the following entry, or memorandum: "Assessment of county surveyor approved per direction of Appellate Court, at deft's cost." From this minute or memorandum upon the bench docket, the clerk entered upon the order-book the judgment confirming the assessments, etc. That part of the order-book entry which is questioned in this appeal is as follows:. "Come again the parties by their attorney, and this court, by direction of the Appellate Court of Indiana, now restates its conclusions of law, that the assessments made by plaintiff, and set forth. in said finding, should be approved.   It is therefore considered by the court that the said assessments be approved and confirmed by the court and that they bear interest at the rate of six per cent. per annum from the date of the finding," etc.   Also by the order and judgment of the court, the clerk was directed to certify the judgment and assessments so confirmed to the auditor of Cass and Howard counties, where the lands were situated, and the judgment directed such auditors to place said assessments "with interest as aforesaid" upon the tax duplicates to be collected as other taxes are collected, etc. At the succeeding term of court, the appellees filed a motion to modify the judgment so entered, so as to eliminate therefrom all that part of the judgment decreeing that such assessments should bear interest from the date of the finding.   To this motion appellant voluntarily appeared, and such proceedings were had that appellees' motion was sustained, and the judgment and order of the court modified accordingly.   The appellant reserved his exception to such modification and has brought the motion, the ruling thereon, and his exception, into the record by bill of exceptions.   Appellant moved for a "new trial of the motion to strike out parts of the judgment," for the reasons (1) that the finding of the court was not sustained by sufficient evidence; (2) that the finding was contrary to law, and (3) because the court erred in admitting

certain evidence. The motion to strike out all that part of the judgment relating to and requiring appellees to pay interest on the assessment against their respective lands was nothing more than an application to correct the judgment. The overruling of appellant's motion for a new trial of the motion to strike out parts of the judgment, which is assigned as error, does not, under the authorities, present any question. A motion to correct, modify, or strike out parts of a judgment is nothing more than a simple motion which is to be heard and disposed of in a summary manner. No pleadings are required, for the motion itself tenders the issue to be determined. *Clause, etc., Co.* v. *Chicago, etc., Bank,* 148 Ind. 680, was an application to correct the record of a judgment, and was in all essential respects like the case before us. The application or motion to correct was sustained. Appellant moved for a new trial on the motion to correct, which was overruled, and it assigned such ruling as error on appeal. In passing upon the question, the court said: "There was no available error in overruling the motion for a new trial. It has again and again been decided by this court that no pleadings are contemplated, or required in a proceeding of this kind. It is a simple motion to be heard in a summary way. Nor does the action of the trial court in either refusing or granting the application and the correction of the judgment furnish any ground for a motion for a new trial. The hearing of the motion is not a trial in any proper sense and our code of civil procedure does not contemplate a new trial of such motion, nor is a new trial thereof appropriate," citing *Runnels* v. *Kaylor,* 95 Ind. 503; *Blizzard* v. *Blizzard,* 40 Ind. 344. Continuing, the court said further: "The proper practice is to except to the action of the court in either refusing or making the amendment, and on appeal to assign such action of the trial court for error."

Without setting out at length appellant's assignment of errors, we will give the substance of them, viz: (1) That

the court erred upon the hearing of appellees' motion to strike out parts of the record in permitting appellees to introduce in evidence the judgment, etc.; (2) that the court erred in overruling appellant's objection to the evidence of one Overton as to when appellees first learned the terms and nature of the judgment rendered; (3) that the court erred in permitting Lex J. Kirkpatrick, the judge before whom the original proceedings in the cause were had, to testify concerning his knowledge of the original judgment as rendered, and that the record was signed by him, although it was not read in his presence; (4) that the court erred in sustaining appellees' motion to strike out parts of the judgment; and (5) that the court erred in overruling appellant's motion for a new trial of the motion to strike out, etc. Appellant's counsel concedes that the first, second, third, and fifth specifications of the assignment of errors do not present any question for review. This leaves only the fourth specification of the assignment of errors for our consideration, and the question is properly saved and brought into the record by a bill of exceptions.

Appellant urges that the motion was insufficient in that it did not state the character of the issues, or set out the mandate of the Appellate Court in reversing the judgment on the former appeal. The objection to the sufficiency of the motion is predicated upon the assumption that, after the close of a term of court at which a judgment is rendered, the court no longer takes judicial knowledge of its prior proceedings, and that in subsequent motions, etc., such proceedings must be specifically pleaded. On the other hand, appellees insist that this is simply a motion to make the record speak the truth; does not seek to change the judgment, but to show the judgment as actually rendered. We think the motion was sufficient. The general rule is that formal pleadings are not necessary, but that an informal motion properly suggesting the correction or entry desired, and the reasons therefor, is sufficient. Elliott's Prac., §192, p. 190.

In *Hebel* v. *Scott*, 36 Ind. 226, it was said: "In such motions as this, special pleadings are not contemplated. The application is to the court, to be disposed of in a summary manner." See, also, *Harris* v. *Tomlinson*, 130 Ind. 426; *Clause, etc., Co.* v. *Chicago, etc., Bank, supra;* 3 Work's Prac. p. 604. By the motion now under consideration, the attention of the court was called to the specific record in which the judgment was rendered; also to the parts of it sought to be stricken out, and the reasons assigned therefor.

In Elliott's Prac. §192, note 3, on p. 186, the following is quoted from *Crim* v. *Kessing*, 89 Cal. 478, 26 Pac. 1074: "All courts of record have the inherent power to correct their records so that they shall conform to the actual facts, and speak the truth of the case; and such correction may be made at any time either upon the motion of the court itself, or at the instance of any party interested in the matter." The objections now urged by the appellant to the motion, on the ground that it is insufficient, are not well taken.

The real question for determination is simply this: Do the assessments, as made against the lands of appellees for the repair of the ditch described, and as confirmed by the court, as judgments, for the recovery of money, bear interest? A solution of this question involves the consideration of the principle upon which such assessments rest. The right to make such assessments is a statutory one, and the authority therefor is found in §5631 Burns 1894. By it, it is made the duty of the county surveyor to keep public ditches in repair, and for that purpose he is authorized to make assessments upon lands originally assessed for their construction, in proportion to benefits, etc. From such assessments an appeal will lie. If no appeal is taken, it is the duty of the surveyor to certify the assessments to the county auditor, who is required to place them upon the tax duplicate to be collected as other taxes. In case of appeal, and the assessments are confirmed, it is made the duty of the clerk to certify the assessments so confirmed to the auditor, whose duty it is to

place them upon the tax duplicate and collect them in like manner. It is evident from the statute that it was not the intention of the legislature that the assessments so made by the surveyor should bear interest in the sense that an ordinary judgment for the recovery of money bears interest. If such was the intention, specific provision would have been made for it. If in the case before us there had been no appeal from the assessments, and they had been certified to the auditor, then it is certain that they would not have drawn interest, except such as is provided for by statute in case of delinquency for the non-payment of taxes. By the appeal from the assessments by appellees to the circuit court, and the confirmation of them by the order and decree of the court, is the rule so radically changed that the appellees shall be required to pay interest on their assessments? We think not. As we have seen, there is no provision of the statute whereby the assessments are to bear interest. The assessments become a lien upon the lands, and are to be collected as other taxes, for the purpose of reimbursing the county, from the treasury of which the costs of the repairs are first paid. Placing such assessment on the tax duplicates, to be collected as other taxes, shows the clearest intention that they are to become subject to the penalties fixed by statute for delinquencies for the non-payment of taxes, and nothing more. No one would contend but what if the assessments became delinquent for non-payment, that they would be subject to the penalties provided by §8570 Burns 1894. It follows, therefore, that if the assessments as confirmed by the court are to bear interest, then a double burden would rest upon appellees in case of delinquency, and this can not be upheld, either by law or equity. The assessments thus made are nothing more than an additional tax levied upon the lands of appellees for a specific purpose, and must be treated as such. Liens thus created are creatures of statute, and can only exist by virtue of a statute, and must be controlled by its provisions. *Cook* v. *State*, 101, Ind. 446. See, also, *Weaver* v. *Templin*, 113

Ind. 298. Where a statute creates a new right and prescribes a mode of enforcing it, that mode must be pursued to the exclusion of all others. *Storms* v. *Stevens*, 104 Ind. 46.

Appellant argues that the confirmation of the assessments by the court below was a judgment, and that, under the general statute, such judgment would bear six per cent. interest. §7044 Burns 1894, provides that judgments for money shall bear interest at the rate of six per centum from the return of the verdict or finding of the court where there is no contract fixing the rate of interest. We can not believe that the statute just cited is effective in this instance and is of controlling importance. The statute authorizing such assessments to be made fixes the manner and the time of their payment, and it has been held that §7044, *supra*, does not have the effect of making a judgment draw interest until the amount adjudged to be paid is due. *Winemiller* v. *Winemiller*, 114 Ind. 540. The assessments thus confirmed by the circuit court and ordered to be certified to the auditors of the two counties in which the ditch was situated were not due till they were regularly placed upon the tax duplicate, and the time of their payment had come, as fixed by statute. They were to be collected as other taxes, and hence they would become due under the provisions of the general tax law, which fixes the time and manner of the payment. Nothing can be plainer than that these assessments were not due until the next taxpaying time arrived after they were placed on the duplicate. The assessments not being due when the court made its original finding, they were not chargeable with interest, as a judgment for money is, and not subject to any penalty until default in their payment, as other taxes. If not paid when due, the assessments would be subject to the statutory penalties of delinquency. *Cullen* v. *Strauz*, 124 Ind. 340.

The question now before us, as it seems to us, has been put at rest by the Supreme Court in the case of *Evansville, etc., R. Co.* v. *West, Treas.*, 139 Ind. 254. In that case the tax

law of 1891 was under consideration and a construction placed upon it. The court, considering it as a whole, held that non-payment of the April instalment of taxes carries with it into delinquency the whole tax, to which is added a penalty of ten per centum; that if said taxes are not paid, but are still delinquent in November, an additional burden of six per centum thereon is imposed, and that to these penalties no additions can be made in the way of either penalties or interest, however long the delinquency continues. Now when we remember that these assessments are an additional tax, and one to be paid as other taxes, in view of the holding in the case just cited we do not see how there can be any doubt as to the question here presented. The record before us does not present a judgment for money, within the meaning of §7044, *supra*. An execution could not be issued upon the judgment entered, and the assessments thus be collected. It was so held in *Needham* v. *Gillaspy*, 49 Ind. 245.

There was no error in sustaining appellees' motion to modify and correct the judgment. Judgment affirmed.