STATE EX REL. KRUPA *v.* PEAK, JUDGE, ET AL.

[No. 28,306.  Filed June 12, 1947.]

*Anthony Olczak,* of South Bend, for relatrix.

EMMERT, J.—This is an original action, designated by the relatrix as "an action in mandate and prohibition." Relatrix alleges that she is the plaintiff in a certain action for tort in St. Joseph Superior Court No. 2 entitled Stella Krupa, as the widow and administratrix of the estate of *Blazej Krupa, deceased* v. *Peter Nowatka, et al.*, which was filed January 10, 1946, and designated as cause No. 73003 in the records of said court; that J. Elmer Peak is the duly elected, qualified and acting judge and that Dwight L. Matthews is the duly elected, qualified and acting clerk of said St. Joseph Superior Court No. 2.

That on December 16, 1946, the relatrix filed an affidavit for change of venue from said regular presiding judge, and objected to said judge himself submitting the list of names from which a special judge might be selected. Relatrix further alleges that said regular presiding judge refused to make an order in said cause showing the selection of Alvin F. Marsh as a special judge and as a part of said refusal rendered an opinion thereon, that said Alvin F. Marsh did not qualify until eleven (11) days after the last day for striking as required by § 2-1430, Burns' 1946 Replacement.

That thereafter two other lists of nominees for special judge were submitted, but both selected nominees failed to qualify, and that thereafter on and about the 22nd day of April, 1947, relatrix demanded the clerk of the St. Joseph Superior Court No. 2 to certify the facts again to the clerk of the Supreme Court for further action, but that said clerk refused to do so, and that the clerk said that the regular presiding judge had assumed entire control thereof.

Relatrix further charged that the presiding judge allowed unreasonable extensions of time to defendants to answer, and that said judge refused to default said

defendants for failure to answer as ordered by the court, as appeared of record in the transcript of the record purported to be filed as an exhibit to the petition in this court; and that said presiding judge noted answers filed by certain defendants which were never filed.

Relatrix prayed that the regular presiding judge be ordered to strike from the record of this case the entries made by him as to filing of answers when such answers were not in fact filed; that said judge be ordered to strike from the record his opinion as to the qualification of the nominee Alvin F. Marsh, as special judge, that the Supreme Court order said presiding judge to make an entry of default against the defendants who failed to file their answers in due time, and that he be ordered to relinquish authority over the prosecution and progress of the motion for change of venue herein, and that the respondent judge be prohibited from interfering with the case or the authority of the clerk, and for other proper relief.

As to the clerk of the St. Joseph Superior Court No. 2 the relatrix prayed that said clerk be prohibited from relinquishing his authority in connection with the case as to selection of a special judge, and that this court order said clerk to proceed with the prosecution of the change of venue until a special judge is duly selected.

The verified petition has attached to it an exhibit entitled "Statement · of Docket Entries of the Court" which appears to be copies of the minutes made on the minute book of said court, but the same is not certified as required by Rule 2-35 of this court which requires, "If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto." There-

fore, the purported copy of the minutes of the St. Joseph Superior Court No. 2 is not before this court.

The effective date of Rule 1-12 concerning change of venue from the judge was January 1, 1947. Since the affidavit for change of venue was filed prior to this time pursuant to § 2-1430, Burns' 1946 Replacement, (Acts 1937, ch. 85, § 1, p. 443; Acts 1945, ch. 235, § 1, p. 1082) the provisions of the statute still control the selection of the special judge.

This court has previously held that § 2-1430, Burns' 1946 Replacement applies to both civil and criminal actions were a change of judge is sought pursuant to the terms of the act.

*State ex rel. 1625 E. Wash. R. Co.* v. *Markey, Judge* (1937), 212 Ind. 59, 7 N. E. (2d) 989; *State ex rel. Spencer, Pros. Att'y.* v. *Baker, Judge* (1937), 212 Ind. 44, 7 N. E. (2d) 984.

In the latter case at page 54 of the opinion the court said:

> "When the affidavit in the instant case for a change of judge was filed, it then became the duty of the clerk of the Circuit Court, upon the request of the relator, to certify the facts to the clerk of this court as provided for in chapter 85 and the respondent [*Marion Circuit Court*] *had no further jurisdiction in the case.*" (Italics supplied.)

The judge from whom the change is sought when a timely and proper affidavit was filed pursuant to § 2-1430, Burns' 1946 Replacement may grant the change, but if he should refuse to do so, this court will mandate him to grant the change. *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 62 N. E. (2d) 860. See also *State ex rel. Gentry* v. *O'Byrne, Judge* (1943), 221 Ind. 282, 46 N. E. (2d) 687. The statute provides, ". . . it shall be the duty

of the clerk of said court where said criminal case [or civil case] is pending forthwith, upon the request of either party, to certify the facts to the clerk of the Supreme Court of the state of Indiana, . . . ." § 2-1430, Burns' 1946 Replacement.

Since the respondent judge lost jurisdiction in the cause as soon as the affidavit for change of venue was filed (except to grant the change), the respondent judge would not have any jurisdiction to change any of the records he may have made, as prayed for by the relatrix, nor to enter any default judgment against any of the defendants, nor to correct any other alleged error he may have made. These matters will have to be brought to the attention of the special judge as soon as he qualifies and assumes jurisdiction.

There are no allegations of fact in the petition that the respondent judge ever attempted to continue jurisdiction after the affidavit for change of judge from him was filed. The alleged statement of the clerk of the court that the regular presiding judge had assumed entire control of the cause after the affidavit for change of judge was filed does not constitute any statement of fact but only the opinion and conclusion of the clerk, and so far as this petitioner shows, was merely hearsay as to the respondent judge. In an action for mandate, the allegations should not be conclusions but statements of fact. *Hankins* v. *State ex rel. Miller* (1940), 217 Ind. 225, 232, 27 N. E. (2d) 365.

As we view the prayer for relief as to the clerk, it is for mandate. If the respondent clerk has failed and refused to perform his duties as required by law, this court has no original jurisdiction by way of mandate against him to compel the performance

of such duties in a case of this nature. § 3-2201, Burns' 1946 Replacement. The case of *The State, ex rel. Morris* v. *Wallace* (1872), 41 Ind. 445, was in aid of the appellate jurisdiction of this court. Therefore, this court is without jurisdiction to issue either an alternate writ of mandate or a temporary writ of prohibition against either respondent, and each are hereby denied as to each respondent.

NOTE.—Reported in 73 N. E. (2d) 482.