STATE EX REL. BALLARD *v.* JEFFERSON CIRCUIT COURT OF JEFFERSON COUNTY, ET AL.

[No. 28,305. Filed June 13, 1947.]

*Eugene Cooper* and *Arthur D. Cutter,* both of Madison, for relator.

O'MALLEY, C. J.—The relator commenced an original action in this court to mandate the respondent to grant a change of judge, and to prohibit further action on an indirect contempt for which relator was cited subsequent to the filing of the motion for change of judge.

Upon the showing of relator the alternative writ of prohibition issued and the respondent was given time to show cause why the temporary writ should not be made permanent, and why he should not be mandated to grant the requested change of judge.

No return was made by the respondent, and we must assume the facts to be as set out in the showing.

The application for a change of judge was made on April 15, 1947, and nine days later the relator was cited to appear the following day to show cause why he should not be punished for contempt of court because of his failure to comply with the order made prior thereto. As shown by the pleadings, the record of the lower court does not show that an affidavit was filed to call the court's attention to said failure to comply, and it is asserted that said citation was made on motion of the court and not of the party.

It is well settled that when an affidavit for change of judge is filed in a proper case, based on the bias and prejudice of the judge, the court has no discretion in the matter. In examining and granting or refusing to grant such change in a cause where a change is permitted by law, the judge acts in a minis-

terial way, and if the affidavit is sufficient, the change must be granted. *State ex rel. Van Horne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 672; *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. (2d) 971; *State ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509, 184 N. E. 776. See *Fidelity, etc., Co.* v. *Carroll* (1917), 186 Ind. 633, 117 N. E. 858.

> The above cases support the theory that after a proper and sufficient affidavit is filed the court ■ has no jurisdiction to consider any matter involved in the case.

In the instant case, the court attempted on his own motion to cite the defendant as for contempt for failure to comply with an order made prior to the filing of the request for the change. In the case of *State ex rel. Price* v. *Weir, Judge* (1936), 210 Ind. 606, 4 N. E. (2d) 553, this court held that such action was beyond the power of the court. In that case it likewise was held that this court could and would prohibit such action when a proper application was made requesting the issuance of the writ of mandate and prohibition.

It is therefore ordered that the temporary writ, heretofore issued, be made permanent, and that the respondent judge be mandated to grant the change of judge as requested by the relator.

NOTE.—Reported in 73 N. E. (2d) 489.