STATE EX REL. GLAMACK *v.* HORN, SPECIAL JUDGE

[No. 28,690.   Filed October 11, 1950.]

*New & New,* of Indianapolis, for relator.

*Little, Little & Horn,* of Indianapolis, for respondent.

JASPER, J.—This is an original action filed by the relator for a writ of prohibition and mandate against the respondent to expunge the records of the court of all entries made after the filing of an affidavit for a

change of judge, and to prohibit the respondent from further acting, in Cause No. B-67830, pending in the Superior Court of Marion County, Room 5, entitled "George Glamack v. Indianapolis Kautsky's, Inc., a corporation, d/b/a, Indianapolis Jets, Inc." A temporary writ of prohibition and an alternative writ of mandate issued.

On January 28, 1949, the relator filed his complaint on contract in two paragraphs. An affidavit for a change of judge from the regular judge of the court was filed by the defendant on February 3, 1949, and was granted and the respondent appointed. On February 7, 1949, relator filed what he designated a "Third and Additional Paragraph of Complaint for Restraining Order and Application for Appointment of Receiver" against the defendant corporation. The special judge, on April 6, 1949, after a hearing, appointed a receiver *pendente lite* for the defendant corporation, which receiver thereupon qualified and is now acting. On May 16, 1950, the plaintiff filed an affidavit for a change of judge, which was sustained as to paragraphs one and two of his complaint and overruled in so far as it pertained to the ancillary receivership. On May 27, 1950, relator filed his objections to the ruling and order of the court in so far as the same apply to and affect the receivership. On May 29, 1950, the relator struck the name of one of the three attorneys nominated by the respondent.

The respondent filed his response as ordered by this court.

The sole question presented is whether or not upon the filing of an affidavit for a change of judge the ancillary receivership follows the main cause of action.

The respondent contends that the third paragraph of complaint was completely adjudicated, and therefore not subject to an affidavit for a change of judge;

and, further, that the relator, by striking the name of one of the three attorneys nominated, after objecting to the refusal of the court to sustain the affidavit for change of judge, waived his rights to such change.

This court has held on numerous occasions that an application for the appointment of a receiver *pendente lite* is not a civil action in and by itself, but is merely ancillary to the main action. *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453; *Maple* v. *McReynolds et al.* (1935), 208 Ind. 338, 196 N. E. 3.

The respondent cites the case of *State ex rel.* v. *Marion Ct.* (1948), 226 Ind. 256, 259, 79 N. E. 2d 412, 414, in support of his first contention. But this case is based solely upon a verified motion for a change of venue from the county, whereas the case before the court involves a verified motion for a change of judge and not a change of court. Each involves a different rule. In the case last cited, in discussing the question of a change of venue from the county, the court said:

". . . where the receiver is requested pending the action as relief ancillary to the main cause, the issue on a temporary receivership, and the receivership itself remain in the court first acquiring jurisdiction. The jurisdiction of the issues in the principal cause is transferred to the court in another county to which the change of venue is taken."

Therefore the case cited by respondent is not in point.

It is true that where the main action is disposed of, and all that remains is the receivership, no change of judge will be granted. See *State ex rel. Kist* v. *Ball* (1945), 223 Ind. 512, 62 N. E. 2d 621. Here, however, the main action remains and is not disposed of.

The court said in *Perkins et al.* v. *Hayward et al.* (1890), 124 Ind. 445, 447, 24 N. E. 1033:

". . . the particular case where there is a special judge called in, with all its incidents from the beginning to the end, passes under the exclusive control and jurisdiction of the special judge . . ."

It was also said by this court in *State ex rel. Ballard* v. *Jefferson Cir. Ct.* (1947), 225 Ind. 174, 176, 73 N. E. 2d 489, 490:

". . . after a proper and sufficient affidavit is filed the court has no jurisdiction to consider any matter involved in the case."

This court feels that these decisions are controlling, and therefore that the granting of a change of judge gives to the special judge jurisdiction of the main cause of action and the ancillary receivership.

The respondent's second contention is not well taken, as the relator waived no rights to prohibition or mandate by striking the name of one of the three attorneys nominated for special judge. The objection of the relator had been timely made prior to the striking of the name, and this fact did not take away the right of the relator to a change of judge nor the duty of the court to grant the change. *State ex rel. Van Horne* v. *Sullivan* (1934), 206 Ind. 304, 310, 188 N. E. 672.

From what we have said, the change of judge must be granted to the entire action, including the receivership.

The temporary writ of prohibition is made permanent and the alternative writ of mandate is made absolute.

NOTE.—Reported in 94 N. E. 2d 483.