STATE EX REL. GMIL v. MARKEY, JUDGE.

[No. 28,817. Filed November 20, 1951.]

*T. Ernest Maholm,* of Indianapolis, for relator.

*Schlosser, Young & Schlosser* and *John J. Gould,* all of Indianapolis, for respondent.

JASPER, J.—This is an original action under §3-2101, Burns' 1946 Replacement, to mandate Joseph T. Markey, as Judge of the Municipal Court of Marion County, Civil Division, Room No. 1, to grant a change of judge in an ejectment action. An alternative writ of mandate was issued by this court.

From the certified transcript of the Clerk of the Municipal Court of Marion County, it appears that on June 6, 1951, Eli Gmil filed a complaint for ejectment against Richard Harrell and Violet Harrell, being Cause No. M-56029 in the Municipal Court of Marion County. An affidavit for immediate possession was filed, bond was fixed and filed, and a writ of seizure was issued to the Sheriff of Marion County. It further appears from the certified transcript that on the 22nd day of June, 1951, Eli Gmil filed an affidavit for a change of judge, and the defendants in the ejectment action filed a plea in abatement. Evidence was submitted to support the plea in abatement, and the action was abated. The plaintiff in the ejectment suit was ordered to plead over. The court set aside the order fixing the bond as of June 6, 1951, and declared the bond null and void. The order of the court further revealed:

"The Court having filed Affidavit for Change of Judge—the motion is O. R. It was filed with the

Clerk of this Court and not presented to the Court —as so required by the Ind. Statute and rules of Municipal Court. The Defendant's Plea in Abatement was set for hearing at 9:30 A.M. June 22— 1951. Pltf. mo. filed at that time. Plaintiff also left Court with following the law and rules of Court. Ex. to Pltif."

Respondent, in his response, states that the plea in abatement was filed on June 21, 1951, and that it was set for hearing at 9:30 on the morning of June 22, 1951. This is in conflict with the certified transcript of the clerk of the court. The transcript cannot be impeached by the return of the respondent. *State ex rel. George, etc.* v. *Dean, Special Judge* (1935), 209 Ind. 276, 198 N. E. 792.

Relator contends that after the filing of the affidavit for change of judge the court could only grant the same; that any further orders or action taken by the court were null and void.

In his response, the respondent contends that the relator failed to comply with Rule 19 of the Civil Municipal Courts of Marion County, and that, by so failing, the affidavit for change of judge was not properly filed. Rule 19 is as follows:

"An application for a change of venue from the judge must be made and filed at least four (4) days before the day on which the cause stands for trial on the trial calendar, and must be presented to the judge in person. Where the affidavit states that the applicant has discovered the cause for the change within the four (4) days before the day on which the cause stands for trial on the trial calendar, the affidavit must show the source of the information."

It is well settled that any rules of trial courts which are in conflict with the rules of this court are super-

seded by the rules of the Supreme Court. Rule 1-12 of this court, concerning affidavits for change of venue, provides, among other things, as follows:

"All of the proceedings hereunder shall be taken expeditiously. It shall be the duty of the party who files an affidavit for change of judge to bring it to the attention of the presiding judge although the opposing party may do so."

The last-quoted portion of Rule 1-12 is therefore controlling in the matter now before us.

The cause of action in the Municipal Court in which the affidavit for change of judge was filed had not been set for trial on the trial calendar, and therefore the affidavit, being in proper form, was filed in time.

The facts are undisputed that the relator, in filing the affidavit for change of judge, had the affidavit stamped filed and handed to an employee of the court. The affidavit was not called to the attention of the judge at the time it was marked filed, nor was the affidavit shown filed on the court's docket sheet. As above set out, Rule 1-12 provides that all proceedings must be taken expeditiously, and that it is the duty of the party who files the affidavit for change of judge to bring it to the attention of the presiding judge, although the opposing party may do so. This rule requires more than the mere filing of an affidavit for change of judge. In addition to the affidavit being filed, it must be called to the attention of the court before the moving party is entitled to have the change ruled on. Rule 1-12, Supreme Court of Indiana; *State ex rel. Thompson* v. *Rhoads* (1946), 224 Ind. 136, 141, 65 N. E. 2d 248. It is well settled that when an affidavit for change of judge, which complies with the statute,

is properly and timely filed, the court has no discretion, but must grant the change, and thereafter has no further jurisdiction in the case. *State ex rel. Krupa* v. *Peak* (1947), 225 Ind. 164, 73 N. E. 2d 482; *State ex rel. Ballard* v. *Jefferson Cir. Ct.* (1947), 225 Ind. 174, 73 N. E. 2d 489.

The respondent, in his response, states:

"It was not until respondent was preparing to enter an order sustaining the plea in abatement that he discovered that relator had filed a motion for change of venue from the judge of the court. Whereupon he entered an order overruling the motion for change of venue and sustained the plea in abatement."

The last-quoted portion of the response shows that the affidavit for change of judge came to the respondent's attention and was entered on the court's docket sheet, as shown by the transcript of the proceedings, prior to his entering the order sustaining the plea in abatement. When the affidavit for change of judge, after being stamped filed, came to the attention of the respondent so it could be entered on the court's docket sheet, and was so entered, it was then properly before the court for the court's consideration and action. The court then had no discretion but to grant the change.

The order sustaining the plea in abatement is null and void and ordered expunged. The plea in abatement, having been filed prior to the proper filing of the affidavit for change of judge, was a proper entry and should not be expunged. The order overruling the affidavit for change of judge is null and void and ordered expunged, and the change of judge granted.

The alternative writ of mandate heretofore issued is made absolute.

NOTE.—Reported in 101 N. E. 2d 707.