STATE OF INDIANA ON RELATION OF CITY OF INDIAN-
APOLIS, BY AND ON BEHALF OF THE DEPARTMENT OF
REDEVELOPMENT *v.* SUPERIOR COURT OF MARION COUNTY,
ROOM NO. 3, AND NORMAN E. BRENNAN, AS JUDGE, ETC.

[No. 29,290. Filed September 21, 1955. Rehearing denied De-
cember 15, 1955, with opinion to follow. Opinion on rehearing
filed February 3, 1956.]

*Sherwood Blue,* of Indianapolis, for relator.

*Leo Kriner,* of Indianapolis, for respondents.

ACHOR, J.—A temporary writ of prohibition was issued by this court on application of the relator which directed the respondents to refrain from exercising any further jurisdiction in Cause No. C-4468 in the Superior Court of Marion County, Room 3, and from taking any action to enforce an order made in that cause on May 9, 1955 until further order of this court.

The factual situation with which we are confronted is as follows: The City of Indianapolis by and on behalf of the Department of Redevelopment filed a complaint for condemnation in the Superior Court of Marion County, Room 3, which cause was assigned as No. C-4468. The record in that case, which has not been directly challenged and which we must therefore accept as authentic, reveals that the appraisers, duly appointed by the court, filed their report on January 8, 1955. (No objection was made by relator because of the appointees named or the delay in the report of such appraisers.) An affidavit and motion for change of venue from the judge was filed by plaintiff (relator herein) on February 7, 1955, which motion was sustained on February 28, 1955 but never perfected, although three prospective judges were then nominated. Thereafter, on

March 2, 1955, relator filed a "dismissal" of said action, "Costs paid," which dismissal was overruled by respondent, the regular judge of said court, for the reason that the fee for appraisers had not been fixed or paid. Thereafter on May 9, 1955, upon his own motion, respondent fixed the fee for the services of the three appraisers at $200 each and ordered said sums paid by relator within seven days.

The issue presented is whether or not the respondent had jurisdiction to fix such fees and tax them as costs. Relator contends that (1) "the Respondent Judge lost jurisdiction on change of venue" and (2) "the Respondent Court lost jurisdiction on dismissal."

As heretofore stated a panel of prospective judges was named on February 28, 1955. However, instead of striking as provided by Rule 1-12 relator on March 2, 1955 filed its "dismissal" of the action. There is no question that the regular judge had jurisdiction to entertain the motion and that it was sufficient to terminate all issues over which relator (as plaintiff) had complete control. The first controversy of this case arose over the right of the judge to deny the dismissal because of the fact that the appraisers' fees had not been fixed and paid. If he did not have such a right then he was clearly without jurisdiction to proceed further in the case and the writ of prohibition heretofore issued was proper. However, if the respondent judge acted within his authority in denying said dismissal then we must decide whether or not under the circumstances before us he had jurisdiction on May 9, 1955 to fix the fees of the appraisers and order the same paid.

We recognize the rule that "Proceedings for the condemnation of private property for public use may be

dismissed by the party seeking condemnation at any time, and when that is done the jurisdiction of the court, except in the matter of taxing costs, is terminated so far as that suit is concerned." *Jacksonville Terminal Co.* v. *Blanshard et al.* (1919), 77 Fla. 855, 857, 82 So. 300.

In relation to relator's second contention we are here confronted by the fact that appraisers had been appointed by the court pursuant to §48-8557, Burns' 1950 Repl. (1955 Supp.), Acts 1953, ch. 176, §17, p. 603. In such capacity they were serving as officers appointed by the court and it was the statutory duty of the court, whether by regular judge or a special judge, to determine the amount of the fees for their services and to tax the same as costs in the proceedings prior to dismissal of the case.

The fixing of an attorney's fee for a wife's attorney presents a somewhat analogous situation. In such cases, we have held that the setting aside or refusal to set aside a judgment in a divorce action in order to hear evidence and fix the amount of the wife's attorney's fees is within the discretion of the court. *State ex rel. McNabb* v. *Allen Sup. Ct.* (1947), 225 Ind. 402, 75 N. E. 2d 788; *State ex rel.* v. *Superior Court of Madison County* (1940), 216 Ind. 641, 25 N. E. 2d 642. The facts in the case at bar would seem to present an even stronger situation in support of the action of the court.

We conclude, therefore, that notwithstanding relator's motion to dismiss, the judge before whom the motion was filed had jurisdiction to fix the fees of the appraisers and to tax the same as costs in the action prior to acting upon relator's motion to dismiss.

The remaining major question, therefore, is whether the respondent, the regular judge of the court, had

jurisdiction on May 9, 1955 to fix the fees of the appraisers and to order the same paid or whether as asserted in relator's first contention "the Respondent Judge lost jurisdiction on change of venue." No cases are cited and none have come to our attention which have decided this issue under the facts here presented. Specifically, the question presented is as follows: What is the status of the presiding judge with regard to jurisdiction in the cause when a motion for a change of venue from such judge has been filed and sustained, and prospective judges have been nominated as provided by Rule 1-12, but thereafter the moving party fails to strike within the time allowed?

Both this court and the Appellate Court have frequently stated that "after a proper and sufficient affidavit is filed the court has no jurisdiction to consider any matter involved in the case." *State ex rel. Ballard* v. *Jefferson Cir. Ct.* (1947) 225 Ind. 174, 176, 73 N. E. 2d 489; *State ex rel. Glamack* v. *Horn* (1950), 228 Ind. 567, 571, 94 N. E. 2d 843; *Dowd* v. *Harmon* (1951), 229 Ind. 254, 258, 96 N. E. 2d 902; *State ex rel. Krupa* v. *Peak* (1947), 225 Ind. 164, 73 N. E. 2d 482; *State ex rel. Gmil* v. *Markey, Judge* (1951), 230 Ind. 68, 72, 101 N. E. 2d 707.

When considered in the light of the facts involved in each of the above cases, the rule announced is grounded upon a foundation of sound reason. However, the rule is not absolute. The filing of a motion for change of venue does not effect a complete hiatus as to jurisdiction of the case. Rather, our courts have recognized that, notwithstanding a motion for change of venue, (1) the court may exercise limited jurisdiction where special circumstances require, and we have also held that (2) the parties may, before change of venue is completed, waive the right to the

change. The rule within category (1) has been stated by this court as follows in the case of *Indianapolis Dairymen's Co-op* v. *Bottema* (1948), 226 Ind. 260, 265, 266, 79 N. E. 2d 409:

" . . . It is the general rule that when a proper motion for change of venue from the county is filed the court in which it was filed loses jurisdiction in the case. *State ex rel. Kealing* v. *Clay Circuit Court* (1934), 207 Ind. 259, 263, 192 N. E. 423. But *jurisdiction must continue in some court, and until the court to which the venue was changed acquires jurisdiction by the receipt of transcript, the original court must retain jurisdiction to make any necessary emergency interlocutory orders.* Pending an action for divorce the trial court does not lose jurisdiction to make an order for support . . . prior to the time another court acquires jurisdiction. . . ." (Our italics.)

In support of the above statement, the court quoted from the case of *State ex rel. Gwin* v. *Spencer, Judge* (1942), 220 Ind. 337, 339, 43 N. E. 2d 724, as follows:

" 'Jurisdiction over the case must necessarily be in some court and some court must necessarily have jurisdiction over the action to make such orders as might be necessary for the protection of the rights of the parties litigant. To hold that the respondent judge in this case had no jurisdiction to make interlocutory orders in such a case would leave the parties to the action helpless until the venue had been perfected, and jurisdiction vested in the court to which it was sent. In some cases several days or possibly weeks might intervene between the date of filing the motion for a change of venue and the date upon which the case was filed in the county to which the action was venued. In the meantime, property interests might be affected seriously and the welfare of children might be neglected. We are not persuaded that such a situation should receive the endorsement of this court.' "

Also, as heretofore stated, we have held that (2) the right to a change of venue having been invoked, may be waived. Such a waiver has been held to exist where the moving party to a motion for change of venue, without first perfecting the change of venue, voluntarily submits the cause to the court which acts through its regular judge.

In the case of *Moore* v. *American Nat. Bank at Indianapolis* (1944), 114 Ind. App. 551, 557, 52 N. E. 2d 513, Judge Crumpacker stated the rule upon the above issue as follows:

> ". . . Legal practice requires everyone to take advantage of his rights at the proper time and a neglect or failure to do so is considered a waiver of such rights. The intentional relinquishment of a known right, regardless of consideration, is a waiver of that right and in the case at bar the record and facts before us clearly indicate that the appellant knew that the court below was powerless to proceed legally because it was without a qualified judge through whom to act. With that knowledge he voluntarily submitted his cause to the court which proposed to and did act through its regular judge. Any rights he may have had to a special judge were thereby waived. . . ."

See also, *Smith* v. *Smith* (1852), 3 Ind. 303.

Precedent for the fact that the right to change of venue may be waived is also found in §2-1406, Burns' 1946 Repl., Acts 1881 (Spec. Sess.), ch. 38, §256, p. 240, and supporting cases. The statute provides in part as follows:

> ". . . If the party fails to pay the costs of the change within the time prescribed by the court, . . . he shall not be entitled to a change of venue from the county."

Under such circumstances this court has held that the court from which the change was asked shall reassume jurisdiction and try the case. *Louisville, New Albany and Chicago Railway Company* v. *Grubb* (1882), 88 Ind. 85.

In this case we are confronted with the following situation. It was the relator's *duty*, as the moving party to the motion, *to strike* first from the panel of judges nominated. *Stilz* v. *Ketelsen* (1920), 75 Ind. App. 166, 129 N. E. 31. This the relator failed to do "expeditiously" within "two days" as provided by Rule 1-12 of this court. Having failed to perform this duty the question presented is (1) did such failure constitute a waiver of its right to a change of judge and reinvest the regular judge with full jurisdiction in the case or (2) did such failure merely make it necessary that the clerk strike in its stead?

The latter procedure is provided for by §2-1408, Burns' 1946 Repl. on motion for change of venue *from the county* and was approved on motion for change of judge in the case of *Miller* v. *Trierweiler, Sheriff* (1952), 231 Ind. 350, 108 N. E. 2d 190, although Rule 1-12 does not prescribe this procedure as was assumed in that case. We therefore have precedent which would support either procedure.

The rule we adopt in this case will be in supplementation of Rule 1-12. Its adoption is governed by three basic considerations: (1) It should preserve inviolate the right to change of venue where grounds for such change exist, without causing unnecessary embarrassment to either the litigants or the court. (2) It should require a high degree of diligence and good faith on the part of the moving party to the end that the adverse party, who is innocent to the proceedings, may not suffer jeopardy to his cause as a result of unnecessary

delay. In this regard we know that motions for change of venue now, in travesty of the litigants and the court, "frequently are filed, for the purpose of delay." *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203. Because of this fact it is expressly provided in Rule 1-12 that "all the proceedings hereunder shall be taken expeditiously" and a period of only "two days" is provided in which the "parties may strike." (3) In event the moving party actually or impliedly abandons the cause of the motion either (a) by further proceedings which assume general jurisdiction in the regular judge or (b) by failing to exercise the required diligence in the perfection of the change of venue, we see no good reason why the clerk should be called upon to strike for the defaulting party and thus subject the litigation to further delay and also necessitate that all further proceedings in the case be held before a person who is not the regularly selected and qualified judge of the court.

On motion for change of judge the moving party is called upon to strike only once. If a party is sincere in his desire for the appointment of another and unbiased judge, we know of no good reason why he should not personally perform his duty of striking and why he should not do so "expeditiously" as required by Rule 1-12 or be considered to have waived his right to such change. Furthermore, in event of the waiver of the right to a change of venue by a moving party every reason supports the fact that the regular judge should reassume jurisdiction of the matter pending in his court. It is he who is responsible to the public for the conduct of the court, and he is in a position to most expeditiously dispose of the pleadings, set and conduct the trial of the cases in his court. We must assume that he is the most qualified, by popular election, to serve as judge of his court.

In the case before us the panel of prospective judges was nominated on February 28, 1955. The relator thereafter took no steps to perfect the change. Instead, on March 2, 1955, it filed its dismissal which was properly overruled pending disposition of the matter of appraisers' fees. Thus the case stood for a period of nine weeks until May 9, 1955, when the court fixed the appraisers' fees and ordered the same paid. We conclude that by failure to strike relator waived his right to a change of venue and that because of this waiver it was proper for the regular judge to reassume jurisdiction of the case.[1] This he did for the purpose of fixing the appraisers' fees before dismissing the case at relator's request.

Therefore, the temporary writ of prohibition heretofore issued in this cause is dissolved and relator's application for a permanent writ of prohibition is denied.

### Opinion on Petition for Rehearing

ACHOR, J.—Relator asserts that the opinion is in conflict with the ruling of this court in the case of *State ex rel. A.-Chalmers Mfg. Co.* v. *Boone C. Ct.* (1949), 227 Ind. 327, 86 N. E. 2d 74, in that it contemplates some discretionary action by the court relative to a voluntary dismissal of a case. The contention merits some clarification by way of a supplemental opinion.

In our original opinion we quoted with approval the case of *Jacksonville Terminal Co.* v. *Blanshard* (1919), 77 Fla. 855, 857, 82 So. 300, as follows:

---

1. Orderly procedure would favor formal entries fixing the time given the parties to strike and stating the reason for which the court reassumed jurisdiction in the case. However, because of the facts in this case failure to make such entries would not nullify the effect of the intrinsic record before us.

"We recognize the rule that 'Proceedings for the condemnation of private property for public use may be dismissed by the party seeking condemnation at any time; and, when that is done, the jurisdiction of the court, except in the matter of taxing costs, is terminated so far as that suit is concerned.' "

Section 2-901, Burns' 1946 Replacement, grants a plaintiff, before the jury retires or before the finding of the court is announced, the absolute right to dismiss *his cause of action.* If the dismissal is filed in term time no action or judgment by the court is required to make that dismissal effective as to such cause of action. The court entry of a judgment of dismissal to such cause adds nothing to the effect of the statute, and is therefore surplusage. The plaintiff has the right to dismiss his cause, costs paid. In this event the court cannot enter any judgment against the plaintiff for costs. However, if the plaintiff dismisses without paying all the costs, the court retains jurisdiction for the purpose of entering a judgment for such costs. The court would also retain jurisdiction to retax the costs in the event the clerk taxes them erroneously.

When the relator here in term time filed its dismissal "costs paid," the same became effective at once as to the cause of action, but inasmuch as all the costs were not in fact paid, the dismissal did not terminate relator's liability for costs, or prevent the court from retaining jurisdiction to determine and adjudicate such unpaid costs. The fees of the appraisers for services already performed are a part of the costs of the action, and a dismissal by the relator could no more avoid this liability than a dismissal by a plaintiff for an accounting in equity would avoid the liability

for paying fees of master in chancery that had been earned but not determined and paid.

Relator could have perfected its change of venue upon the issue of the unpaid and undetermined appraisers' fees had it chosen to do so, but having waived that right, it was proper for the court to reassume jurisdiction upon that issue and, upon proper proof, determine the amount of, and enter proper judgment for, such fees.

Relator also asks whether the Redevelopment Act of 1945 (§48-8517, Burns' 1950 Repl.) has been superseded by the 1953 Redevelopment Act of cities and towns (§48-8557, Burns' 1950 Repl. (1955 Supp.)). The question is prompted by the fact that in the opinion we inadvertently cited the latter statute as providing for the appointment of the appraisers in this case. We should have cited the earlier statute. However, since the authority and procedure under both statutes are identical, the error does not affect our decision.

Petition for rehearing denied.

Bobbitt, C. J., Arterburn, Emmert and Landis, JJ. concur.

NOTE.—Reported in 128 N. E. 2d 874.

Rehearing denied 131 N. E. 2d 645.