STATE OF INDIANA EX REL. CORNETT *v.* DEARBORN CIRCUIT COURT, BAKER, JUDGE.

[No. 29,495. Filed February 4, 1957.]

*T. Ernest Maholm,* of Indianapolis, for relator.

*James T. Hooper, Sr.,* of Lawrenceburg, for respondents.

EMMERT, J.—This is an original action for an alternative writ of mandamus and a temporary writ of prohibition, and on the verified petition we issued an alternative writ of mandamus and a temporary writ of

prohibition. The verified return does not plead any certified copies of the trial court pleadings, orders and entries so it presents nothing in addition to the certified copies presented by the petition.

On October 29, 1956, Evelyn Cornett filed her complaint for divorce, and support and suit money pending the action, Cause No. 12,766, on which summons was issued returnable January 8, 1957. On November 5, 1956, relator filed motion for change of venue from the judge and notice of service on the wife's counsel. On November 9, 1956, the court set a hearing on the application for support and suit money for November 13, 1956, and the relator also filed an answer in abatement in two paragraphs. On November 13, 1956, relator filed written objections to the Honorable Lester G. Baker, sole judge of the Dearborn Circuit Court, hearing the application for support and suit money pending the action. The petitioner then fails to show any further action by the court.

If the trial court made an interlocutory order for support and suit money pending the action for divorce, such would be a matter of record which should be brought here by certified copy. *State ex rel. Wall* v. *Cass Circuit Court* (1954), 233 Ind. 192, 117 N. E. 2d 126.

When the motion for the change of judge was called to the attention of the judge, it was his duty to follow the procedure set forth in Rule 1-12, and the trial judge lost jurisdiction to do more than follow Rule 1-12. *State ex rel. Ballard* v. *Jefferson Circuit Court* (1947), 225 Ind. 174, 73 N. E. 2d 489; *State ex rel. Gmil* v. *Markey, Judge* (1951), 230 Ind. 68, 101 N. E. 2d 707. There was no such emergency that required the regular judge to continue jurisdiction pending the completion of the change. When a change

of venue from the county is had there would be danger of a considerable jurisdictional hiatus if we were to hold the court of origin lost jurisdiction to make interlocutory orders of an emergency nature when a change of venue from the county is granted. There would be a time when no court could exercise jurisdiction. But *Pry* v. *Pry* (1947), 225 Ind. 458, 469, 75 N. E. 2d 909 and *Vogel* v. *Chappell, Trustee* (1937), 211 Ind. 310, 6 N. E. 2d 953, recognizing the right of a court to make interlocutory orders in divorce and receivership proceedings before the transcript and papers are sent to the county to which the venue has been changed, are not analogous to the issues in the original action at bar involving the right to a change of judge pending an interlocutory application for support and suit money. See *Stair* v. *Meissel* (1934), 207 Ind. 280, 292, 192 N. E. 453.

Relator on November 3, 1956, filed an action against his wife for annulment of the marriage. In this cause, No. 12,768, he filed a motion for change of judge, but no court action is shown as to this motion. The writ should be vacated as to this action.

Since the record court entries fail to show any cause for expunging any court record in cause No. 12,766 for divorce, the alternative writ of mandamus should be vacated.

Both writs are vacated as to cause No. 12,768 for annulment of the divorce.

The alternative writ of mandamus is vacated in cause No. 12,766 for divorce, but the temporary writ of prohibition is now made permanent in this cause.

Achor, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 101.