STATE OF INDIANA *v.* LAXTON ET AL.

[No. 30,042. Filed January 8, 1962.]

*Edwin K. Steers*, Attorney General, and *Richard M. Givan*, Deputy Attorney General, for appellant.

*Paul Reed, Reed & Reed*, of Knox, and *Isadore E. Levine*, of LaPorte, for appellees.

BOBBITT, J.—This action was brought by the State of. Indiana to condemn certain land owned by appellees, William H. Laxton, Jr. and Georgia L. Laxton, for the purpose of constructing an improved limited access highway[1] in Starke County, Indiana, known as State Highway No. 30.

The issues as to damages were tried by jury, which returned a verdict for appellees in the sum of $19,000. Judgment was entered accordingly, and from such judgment this appeal is prosecuted.

Because of the result which we have reached we need consider only whether the trial court erred in refusing to grant plaintiff-appellant's motion for a change of venue from the county. This is the first error alleged as ground for reversal.[2]

On December 29, 1958, appellant, acting through the Highway Department of the State of Indiana, filed its complaint in the Starke Circuit Court to condemn and appropriate certain real estate owned by appellees.

On February 13, 1959, plaintiff-appellant filed its motion for a change of judge and subsequently the Hon. Roy Sheneman was appointed and qualified on March 14, 1959.

On June 6, 1959, evidence was submitted and argument heard on defendants-appellees' objections to the condemnation and appropriation.

On July 1, 1959, the trial court overruled defendants-appellees' objections, ordered the real estate condemned as prayed, and appointed appraisers to assess

1. Acts 1945, ch. 245, §1, p. 1113, being §36-3101, Burns' 1949 Replacement.

2. Acts 1881 (Spec. Sess.) ch. 38, §648, p. 240, being §2-3233, Burns' 1946 Replacement.

the damages and benefits, if any, and ordered them to file their report with the clerk of the court on or before July 2, 1959, which was done as ordered.

On July 8, 1959, defendants-appellees filed (a) their motion to set aside the appointment and award of appraisers; (b) their exceptions to the appraisers' award of damages; and (c) their motion for a change of venue from the judge. The motion for change of judge was granted, and the Hon. Alban M. Smith was appointed and qualified and assumed jurisdiction of the case on October 17, 1959.

On July 18, 1959, after defendants-appellees had filed their motion for a change of judge and after the issues were closed by the filing of exceptions to the report of the appraisers, plaintiff-appellant filed its motion for a change of venue from the county. Plaintiff-appellant's motion for a change of venue was filed in the clerk's office by leaving it with the deputy clerk who immediately took such motion to the court room and stamped it "Filed in Open Court, Jul 18, 1959, Elmer Anderson, Clerk Starke Circuit Court." The deputy clerk then placed the motion, bearing the file stamp, in an envelope and placed the envelope in the file "jacket" bearing the name, "State of Indiana vs. Laxton." The clerk testified that this was the customary proceeding in cases of this kind, and that when a paper was filed under these circumstances they would mark it filed and bring it to the attention of the judge who qualified in the case when he assumed jurisdiction.

On November 4, 1959, plaintiff-appellant filed its motion for an entry showing the filing on July 18, 1959, of its response to defendants' (appellees) motion to set aside order appointing appraisers and award

of appraisers, and its motion for change of venue from the county. These motions were taken under advisement until December 26, 1959.

On December 19, 1959, in the presence of all of the parties, plaintiff-appellant orally moved the court as follows:

> "The Plaintiff respectfully moves that the Court sustain and grant plaintiff's motion for change which was duly filed on July 18th, 1959, said motion having been filed within ten days from the closing of the issues in this cause."

No ruling on this motion was made until February 3, 1960, at which time it was overruled.

Appellees assert that plaintiff-appellant should have appealed directly from the order denying its motion for an entry showing the filing of its motion for a change of venue.

It must be noted that the entry here was requested to be made during the pendency of the action and not after judgment on the merits. The rule applicable here, assuming that such motion called for the making of a *nunc pro tunc* entry, is stated in Lowe's Revision, Works' Indiana Practice, Vol. 4, §68.24, p. 567, as follows:

> "If a *nunc pro tunc* entry is made during the pendency of a cause, an appeal from the order will not lie until the cause is finally disposed of and the appeal must be taken from the entire cause, but if the entry is made after the final judgment in the cause, then an appeal can be taken from such order alone." See also: *Clause Printing Press Co. et al.* v. *Chicago Trust and Savings Bank* (1897), 148 Ind. 680, 682, 48 N. E. 245; *Citizens Trust Co., Rec.* v. *Wheeling Can Co.* (1927), 199 Ind. 311, 315, 157 N. E. 441.

In our judgment the overruling of plaintiff-appellant's motion to show the filing of its motion for change of venue was properly assigned as error in the appeal from the final judgment in this case. However, we think this question is unimportant under the circumstances here since appellant has assigned as error the denial of its motion for a change of venue from the county.

The facts here are strikingly similar to those in *State ex. rel. Gmil* v. *Markey* (1951), 230 Ind. 68, 101 N. E. 2d 707. Here, as in that case, it is undisputed that the motion for a change of venue was handed to an employee of the court (the deputy clerk) who marked it "Filed in Open Court." It was not called to the attention of the judge at the time it was marked filed because there was no judge to whom it could have been presented, and it was for the same reason not shown filed on the court's docket sheet.

It is true, as stated in *State ex rel. Gmil* v. *Markey, supra,* at page 72 of 230 Ind., that "[i]n addition to the affidavit being filed, it must be called to the attention of the court before the moving party is entitled to have the change ruled on."

When the motion for a change of venue from the county was brought to the attention of the court, by appellant on December 19, 1959, by orally moving the court to sustain and grant its motion for a change of venue from the county, it was then the duty of the special judge to grant the change.

It was his duty to consider the motion for a change of venue the same as any other pleading which may have been filed in the case between the time when Judge Sheneman was disqualified by the filing of a motion for a change of judge, and

the time he assumed jurisdiction of the case; and when such motion was called to the attention of the judge by plaintiff-appellant on December 19, 1959, the motion should have been entered on the court's docket sheet, and when so entered it was then properly before the court for its consideration and action. The court then had no discretion except to grant the change from the county, and thereafter it had no further jurisdiction in the case.

Appellees assert, however, that appellant is governed by Rule 1-12B of this court which provides in pertinent part as follows:

> "[T]hat in event an application for a change of judge or change from the county is granted within said ten (10) day period, a request for a change of judge or county may be made by a party still entitled thereto within ten (10) days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change.";

and that appellant should have filed its motion for a change of venue from the county within ten days after Special Judge Smith had qualified, which was on October 17, 1959.

The next entry in the case after the qualification of the special judge, does not appear until October 31, 1959, on which date defendants-appellees requested that their motion "to set aside order appointing appraisers, etc." be set for hearing and the court set November 7, 1959, at ten-thirty a.m. (Standard Time) for hearing on such motions. It thus appears that the special judge was not available for the presentation of plaintiff-appellant's motion for change of venue from the county within ten days after the

special judge had qualified. It was never intended that a special judge could make ineffective the provision of Rule 1-12B by making himself unavailable to receive a motion for a change of venue from the county within ten days after he had qualified. Where, as here, the special judge resides in another circuit and does not make himself available to receive motions for change of judge or a change of venue from the county within ten days after he has qualified, the only alternative is for the party entitled to the change to file his motion, within the time required by the rule, with the clerk to be presented by him to the special judge when he again assumes jurisdiction in the case. We see no reason why the same rule should not apply under circumstances where the motion was filed within ten days after the issues were first closed, and during the interim between the filing of a motion for a change of judge and the qualification of the special judge, as is the situation in the present case.

Further, the rule states that "a request for change of judge or county *may* be made" within ten days after the special judge has qualified. (Our italics.) We do not construe this rule to mean that such request shall be filed only within this ten day period and not sooner. We see no reason why a party desiring a change of venue after a request for a change of judge has been made by the opposing party, should be compelled to wait until such judge qualifies before he can file such motion. The ten day period allowed by the proviso herein was for the purpose of protecting the rights of the party still entitled to a change of venue from the judge or county by giving him the same period of time within which to file his motion for a change as that allowed the other party. This provision of the rule does not prevent the filing

of a motion for a change of venue with the clerk, as is done in the case of other pleadings, before the special judge has qualified, and having such motion considered when he assumes jurisdiction of the case, in the same manner that the special judge considers other pleadings which may have been filed during the interim between the time of the filing of the affidavit for change of judge and his qualification.

In our opinion appellant's motion for a change of venue from the county was filed in the only manner possible at the time of its filing, and that it was the duty of the special judge, upon qualification, to make the necessary entry showing its filing and grant the change. *State ex rel. Gmil* v. *Markey, supra* (1951), 230 Ind. 68, 72-73, 101 N. E. 2d 707.

Appellees' alternative motion to dismiss the appeal or affirm the judgment is overruled, and the judgment of the trial court is reversed with instructions to the trial court to grant plaintiff-appellant's motion for a change of venue from the county.

Judgment reversed with instructions.

Achor, C. J., and Jackson, J., concur.

Arterburn and Landis, JJ., dissent without opinion.

NOTE.—Reported in 178 N. E. 2d 901.