STATE EX REL. TOWNSEND ETC. *v.* TIPTON CIRCUIT COURT ETC. ET AL.

[No. 30,095. Filed November 1, 1961.]

*Charles H. Dickmann, John P. Dickmann, Sansberry & Dickmann,* of counsel, of Anderson, *Horace C. Holmes,* and *Bolton, Holmes & Watson,* of counsel, of Tipton, for relator.

*Wayne E. Thornburg,* of Anderson and *Troy Hutto,* of Tipton, for respondents.

ARTERBURN, J.—The will of Paul V. Townsend, deceased, was admitted to probate on March 8, 1960 and letters testamentary issued to Ruby G. Townsend in Estate Number 14141, Superior Court of Madison County. Thereafter, a complaint was filed on September 6, 1960 in the Superior Court of Madison County to contest the will. This action was given Civil Cause Number S-60-331. Summons was issued accordingly.

On September 14, 1960, prior to the appearance day, the judge of the Superior Court of Madison County, sua sponte, made the following entry in Estate Number 14141:

> "Pursuant to the complaint to contest probated purported will under Civil Cause Number S-60-331, said cause is now transferred to this estate."

The next day, September 15th, the judge entered in Civil Cause Number S-60-331 the following:

> "This cause is ordered transferred to probate record, Estate Number 14141."

Thereafter the judge also caused the notation "Cause Number S-60-331" on the special appearances filed by the defendants to be crossed out and "Estate Number 14141" to be inserted in lieu thereof.

On the motion of Ruby G. Townsend as Executrix and not individually, the cause was venued from Estate Number 14141, Superior Court of Madison County, to the Tipton Circuit Court and given Cause Number 8057 in said court. Ruby G. Townsend, individually, relatrix herein, filed in the Tipton Circuit Court a special appearance and a motion to dismiss, attacking the jurisdiction of the court on the ground that a complaint to contest a will must be filed in the estate proceedings within six months after decedent's will was offered for probate and not as a separate civil action in that court. The court overruled the motion to dismiss and the relatrix now asks this court to issue a writ of prohibition against the Tipton Circuit Court assuming jurisdiction of the action to contest the will. We issued a temporary writ of prohibition.

The Superior Court of Madison County was established under Acts 1895, ch. 26, §10, p. 52, being Burns'

§4-1310, 1946 Repl. and by amendment (Acts 1955, ch. 14, §1, p. 23, being Burns' §4-1310, 1946 Repl.) is given concurrent jurisdiction with the Circuit Court in all civil cases and "shall have original, exclusive jurisdiction in all matters pertaining to the probate of wills, of proceedings to resist probate of wills, to contest and construe wills . . ."

The Probate Code of this state with reference to contests of wills (Burns' §7-117) provides that any interested person may contest the validity of or resist the probate of a will "at any time within six months after the same has been offered for probate, by *filing in the court having jurisdiction* of the probate of the decedent's will, his allegations in writing, verified by affidavit . . ." (Our italics.)

The wording of the probate statute gives us little or no help in the determination of the question presented here. We note, however, that Burns' §7-117 does not provide that a contest case must be filed *in the pending estate proceeding* and under that number. On the contrary, it merely states that it shall be filed *in the court having jurisdiction.*

There appear to us to be a number of reasons why the relatrix cannot prevail in this original action for a writ of prohibition. Actions to contest or resist the probate of a will are statutory. Although they have in many respects the characteristics of a civil action, they are also at the same time connected with the estate proceedings. Even though they may proceed as a separate action on the civil side of a court, the estate proceedings in the probate side of the court must take cognizance of and judicial notice of the rulings and ultimate determination of the so-called "civil action" to contest the

validity or resist the probate of the will. The same situation exists with reference to claims against an estate placed on the trial docket. The issues are civil in nature, yet they are so attached to the estate proceedings that they affect the administration and ultimate distribution in the estate. Thus the controversy arises here. 95 C. J. S., Wills, Sec. 328, p. 172.

It is urged that the entries and rulings of the court in the contest proceedings should be kept separate on a separate docket sheet and not intermingled with the rulings in the estate proper, and therefore it is more suitable that it be maintained as a separate civil action on the civil side of the court, with a separate and distinct number. On the other hand, it is argued that all rulings and matters in the contest proceeding intimately affect the administration of the estate, and therefore the estate docket should show what is transpiring in all proceedings that affect it directly.

The Probate Code (Burns' §6-107) provides:

"The court may promulgate rules and forms of procedure for probate proceedings, not inconsistent with the provisions of this code nor with such rules and forms as are promulgated by the Supreme Court. If in any probate proceeding a situation arises which is not provided for by any statute or rule of procedure, the court may formulate and declare a rule of procedure for that particular case."

The trial court has such control over its docket that it may consolidate causes for trial where, because of questions of fact, of law, or of the nature of the proceedings, time and expense will be saved or the convenience of the court or the parties will be improved. (See Rule 1-4A of this

court.) We find nothing in the statute, the cases or rules preventing a court from renumbering a cause of action so long as the rights of the parties are not prejudiced thereby in the trial of the merits of the action or defense. No showing is made that the relatrix is prejudiced as to the merits of her defense, while on the other hand the respondent would be, (by reason of the statute of limitations) were we to sustain the writ in this case.

We further point out that Burns' §7-101 is indicative of the liberality desired when it provides, in the handling of questions of venue, that if probate proceedings are filed in the wrong county, they may be transferred to the court having proper jurisdiction.

From a purely technical point we can find no reason for adopting the more narrow position of relatrix. General principles governing the issuance of a writ of prohibition compel us to take the contrary position.

Prohibition is an extraordinary remedy and will not issue unless the respondent court is attempting to act outside its jurisdiction. *State ex rel. Raney* v. *Gibson Circuit Court* (1961), 241 Ind. 497, 173 N. E. 2d 660. In *Harris et ux.* v. *Souder, Supt., etc.* (1953), 233 Ind. 287, 119 N. E. 2d 8 we said: (p. 291)

> ". . . The Johnson Circuit Court is a court of superior and general jurisdiction under §4-303, Burns' 1946 Replacement. It exercises general civil, criminal and probate jurisdiction. Under Chapter 347 of the 1945 Acts, §9-3102, Burns' 1942 Replacement (Supp.), it exercises juvenile jurisdiction. No additional court was created for Johnson County, and the court or judge thereof in exercising juvenile jurisdiction is not acting as a separate court."

A court of *general* jurisdiction is not a court of *limited* jurisdiction in the various areas of criminal, probate, civil, equitable and other matters over which it exercises judicial authority.

The Superior Court of Madison County is a court of general jurisdiction and it has jurisdiction of the subject-matter of the contest action here involved. It necessarily follows that once the court assumes jurisdiction, it is empowered to decide all questions involved in the controversy. *State ex rel. Surprise* v. *Porter Circuit Court* (1948), 226 Ind. 375, 80 N. E. 2d 107; *State etc.* v. *Marion Cir. Ct. etc.* (1959), 239 Ind. 327, 157 N. E. 2d 481; *State* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505.

Jurisdiction of the subject-matter does not mean jurisdiction of a particular case, but it means jurisdiction of a class of cases to which the particular case belongs. It seems to us the question raised here is not one of jurisdiction of the subject-matter, but rather the right of the court to control the numbering on its various dockets of cases over which it holds general jurisdiction. We cannot say that a court has lost jurisdiction or committed prejudicial error by merely renumbering such proceedings on its dockets and giving it a probate number rather than a civil cause number.

If *prejudicial error* has been committed in the numbering of a cause of action or giving it the wrong classification and as a result, the wrong principles of law have been employed in its trial or proceedings to the *prejudice* of the merits of the cause, then the remedy is by appeal. The mere fact that a trial court makes an erroneous ruling does not deprive it of jurisdiction.

The temporary writ is vacated and the permanent writ denied.

Landis, C. J., Achor and Bobbitt, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 177 N. E. 2d 590.