STATE EX REL. BECHERT *v.* JASPER CIRCUIT COURT.

[No. 1267S139. Filed March 6, 1968.]

*John S. Grimes, Richard P. Watson,* of Indianapolis, and *Cope J. Hanley,* of Rensselaer, for relator.

*Thomas B. Dumas,* and *William J. Moriarty, Jr.,* of Rensselaer, for respondent.

ARTERBURN, J.—This matter arose by a petition for a writ of mandate and a writ of prohibition directed against Jasper Circuit Court and the Judge thereof, for a change of venue in a suit to resist the probate of a will in which the relators are the defendants therein.

The complaint to resist the probate of the alleged will was filed in the Jasper Circuit Court on September 8, 1966. Summons required the defendants-relators to appear September 28, 1966. A general appearance was filed on said date and also a request for a trial by jury. The defendants-relators filed their answer November 15, 1966, and at the same time filed a motion for a change of venue.

The relators maintain that a change of venue was timely made under rules of this court under Supreme Court Rule 1-12B(2), and cited in support thereof the case of *State ex rel. Elizabeth Brosman, et al.* v. *Whitley Circuit Court* (1963), 186 N. E. 2d 881.

The respondents maintain that the motion for a change of venue was not timely filed in accordance with Rule 1-12B(3) of the Supreme Court of Indiana, which reads as follows:

"Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty (30) days after the filing of such case within which to request a change from the judge or the county."

The respondents took the position that since the summons requiring the defendants-relators to appear on September 28, 1966, was served upon them on September 8, 1966, and that the relators filed their general appearance on September 28, 1966, together with a request for a trial by jury, that the time began to run after the defendants had filed their general appearance, and more than forty-eight (48) days had passed from that time, and sixty-eight (68) days had passed after the filing of the complaint to resist the probate of the will. The respondents likewise cited *State ex rel. Elizabeth Brosman et al. v. Whitley Circuit Court, supra,* but cited it completely, showing that 186 N. E. 2d 881 had been vacated and superseded by *State ex rel. Elizabeth Brosman, et al. v. Whitley Circuit Court* (1964), 245 Ind. 259, 198 N. E. 2d 3.

This case held that formal pleadings may be permitted in a will contest, but that such formality in the formation of issues was not necessary and that no responsive pleading is required to be filed by the defendants to close the issue. The court stated at page 5 of 198 N. E. 2d 3, and at page 262 of 245 Indiana 259:

"Actions to contest wills are purely statutory proceedings, . . . and we are therefore governed by the apparent intent of the legislature which would seem to indicate that while formal pleadings may be permitted in will contests, as in ordinary civil actions, such formality in the formation of issues is not necessary. . . ."

The Whitley Circuit Court case, *supra,* is exactly in point with the case before this court. Both cases are suits to resist

the probate of a will; both cases are suits filed on the civil side of the docket; and in both cases summons issued and defendant filed a general appearance. It appears that the opinion relied upon by the relator, 186 N. E. 2d 881, was vacated and supplanted by this court upon a rehearing set forth hereinabove by the opinion reported in 198 N. E. 2d 3, and also in 245 Ind. 259.

Previously Rule 1-12B provided that an application for a change of venue shall be filed within ten days in cases "closed by operation of law." Thereafter the rule was changed to the present language, which provided that where "no responsive pleading is required under the statute," each party shall have thirty days after the filing of the case within which to request a change. Under the prior reading of the rule we held that in judicial reviews from administrative hearings, upon the filing of the transcript (no responsive pleading being required), the parties had ten days to request a change (which period has been enlarged to thirty days at the present time).

If a party is permitted, at his option, to file a responsive pleading or permit the issues to be closed by operation of law, it places within that party's control the privilege of delaying indefinitely and with uncertainty whether or not a change of venue will be filed by him by deciding at the last moment to file a responsive pleading which may not be required. We cited in *State ex rel. State Board of Tax Commissioners* v. *Superior Court of Marion County, Room No. 3* (1965), 246 Ind. 176, 203 N. E. 2d 908, 910 the purpose of the rule:

> "As we have remarked in other opinions of this Court, the purpose of such rule was to reduce the unnecessary delays occasioned by late filing of change of venue petitions which frequently had as their real object the postponement or avoidance of trial on the merits."

Defendants-relators did not timely file their motion for a change of venue in accordance with Rule 1-12B of the Supreme Court of Indiana.

The petition for a writ of prohibition and writ of mandate directed against Jasper Circuit Court and the Honorable Moses Leopold, Judge of the Jasper Circuit Court, is denied.

Lewis, C. J. and Hunter, J., concur.

Mote, J., dissents without opinion.

Jackson, J., dissents with opinion.

NOTE.—Reported in 234 N. E. 2d 492.

### DISSENTING OPINION

JACKSON, J.—I am unable to agree with the conclusion reached in the majority opinion and dissent thereto.

The majority opinion herein is predicated entirely on the erroneous opinion on rehearing rendered in the case of *State ex rel. Brosman* v. *Whitley Circiut Court* (1964), 245 Ind. 259, 198 N. E. 2d 3 which vacated the opinion in *State ex rel. Brosman* v. *Whitley Circuit Court* (1963), 186 N. E. 2d 881. Both cases, together with the dissent in 198 N. E. 2d 3 are by reference incorporated herein and made a part hereof.

The extension of the faulty and tortured reasoning existent in *State ex rel. Brosman* v. *Whitley Circuit Court* (1964), 245 Ind. 259, 198 N. E. 2d 3 by its application to the case at bar will come as a disappointing surprise to the better lawyers in the state.

The petition for the writs should be granted.