STATE EX REL. BECHERT, EXEC., ET AL. *v.*
JASPER CIRCUIT COURT, WRIGHT, JUDGE.

[No. 469-S-84. Filed November 26, 1969.]

*Richard P. Watson, Carvey, Watson & McNevin,* Indianapolis, *John S. Grimes,* of counsel, Indianapolis, for relators.

*Thomas B. Dumas, William J. Moriarity, Jr.,* Rensselaer, for respondents.

DEBRULER, C.J.—This case involves a petition for a temporary writ of mandate and prohibition directed to the respondent requiring him to refrain from exercising further jurisdiction in the matter of the Petition to Probate a will filed as part of the probate proceeding entitled The Estate of Gawanda J. Bechert, Deceased, being Probate Cause No. 4049, and also from exercising further jurisdiction in the matter of a Complaint to Resist Probate, being Civil Cause No. 196-66, both causes being filed in said court.

The decedent, Gawanda J. Bechert, in this case died a resident of Jasper County, Indiana, on November 16, 1965. Thereafter an intestate estate was opened in the Jasper Circuit Court and an administrator was appointed. On January 5, 1966, and while said estate was being administered, Gwendolyn L. Lehe filed a general objection to the probate of any will in the estate of Gawanda J. Bechert, deceased. Thereafter on August 11, 1966, the relator, James E. Bechert, filed a Petition to Probate the will of Gawanda J. Bechert, deceased, in Probate Cause No. 4049, and simultaneously filed a motion for change of venue from Jasper County upon his Petition to Probate the will.

On September 8, 1966, and within thirty days after the Petition to Probate the will was filed, Gwendolyn L. Lehe

filed a Complaint to Resist Probate of the will in the Jasper Circuit Court which action was docketed under a separate Civil Cause No. 196-66 and was entitled Gwendolyn J. Lehe v. James E. Bechert, et al. In the latter cause the relators appeared generally, requested a jury trial, and on November 5, 1966, filed their answer to the Complaint to Resist Probate of will and a motion for change of venue from the county. This second motion for change of venue from the county was denied by the court and subsequently this Court upheld the denial of that motion by the trial court in the case of *State ex rel. Bechert* v. *The Jasper Circuit Court* (1968), 249 Ind. 695, 234 N. E. 2d 492. That case dealt only with the second motion for change of venue and is not involved in this case.

On April 30, 1968, the Jasper Circuit Court set Cause No. 196-66 for trial on September 10, 1968. On August 16, 1968, relators filed a motion for a continuance of the trial in Cause No. 196-66 which was granted and the cause was reset for trial on April 22, 1969. Thereafter on April 17, 1969, five days before the date set for trial, the relators filed a motion for a continuance and a motion to dismiss the suit on the ground that the Jasper Circuit Court lost jurisdiction of this will contest two and one-half years prior to that day when relators filed their first motion for change of venue from the county in Probate Cause No. 4049, requesting that the venue of their Petition to Probate the will be changed from the county.

On April 18, 1969, the Jasper Circuit Court denied relators' motion to dismiss and the motion for a continuance. The relators petitioned for a writ of mandate and prohibition to prevent respondent from exercising jurisdiction over the Petition to Probate will filed in Cause No. 4049 and over Cause No. 196-66. This Court thereupon issued the temporary mandate and prohibition order.

The question in this case is whether or not under the facts and circumstances heretofore related the respondent should be required to grant the first motion for change of venue from the county which was filed simultaneously with the Petition

for Probate in Cause No. 4049, and if said motion must now be granted what effect does this have upon Cause No. 196-66, the Complaint to Resist Probate.

Both opponents and proponents of a will have a statutory right to a change of venue from the county upon the filing of a timely and correct motion in the Probate proceeding. Indiana Acts 1913, ch. 139, § 1, as amended by Acts 1935, ch. 71, § 1, being Burns' Ind. Stat. Ann. § 2-1403, states:

> "In any action, proceeding, or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons, and upon the terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action: Provided, however, That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent, or to authorize a change of venue from the county upon the exceptions to the final report of an administrator or executor, and hereafter there shall be no change of venue from the county upon exceptions to the final report of an administrator or executor."

Relator filed a correct and timely motion for change of venue from the county on his Petition to Probate in Cause No. 4049. Relator had a right to have that motion ruled on and granted unless it should appear there is some legal reason to support respondent's denial of the motion.

Respondent makes several arguments why the motion need not have been granted.

(1) Respondent argues that there is no right to a change of venue from the county on a petition to probate a will. However, Burns' § 2-1403, *supra,* clearly grants the right.

(2) Respondent next contends that the motion for change of venue from county filed by relators at the same time as the Petition to Probate the will properly overruled because

██ at the time it was filed there were no adverse parties to the proceeding to probate the will, and no issue existed which would have required a trial to dispose of it. This contention is erroneous because there were adverse parties when the Petition to Probate was filed. The objections to the probate of any will had been filed by the opponents of the will prior to the filing of the Petition to Probate the will. The purpose of these objections was to notify the proponents of the will that the objectors intended to oppose the probate of the will. At the moment the Petition to Probate the will was filed, the proceeding to probate was an adversary proceeding because of the existence of the objections.

(3) The strongest argument made by respondent is that the course of conduct taken by relators shows a waiver and abandonment of their right to a change of venue. The ██ respondent cites four cases in support of his position. However, none of these cases supports the proposition that a party waives his motion for change of venue from the county when after proper filing the trial court fails to act on it. In *State ex rel. City of Indpls.* v. *Superior Court of Marion Co.* (1955), 235 Ind. 151, 128 N. E. 2d 874, 131 N. E. 2d 645, the failure of a party to expeditiously strike from a panel named by the regular judge following the granting of a motion for change of venue from the judge was held to constitute a waiver of the right to change from the judge.

In *Southern Indiana Ry. Co.* v. *McCarrell* (1904), 163 Ind. 469, 71 N. E. 156, the appellee took a change from Lawrence County to Orange County. Appellant appeared in Orange County and filed a motion for change from that county which was granted and the venue ordered changed to Washington County and appellant was granted ten days to perfect the change. Appellant did not perfect this change. On appeal this Court held that the appellant had submitted to the jurisdiction of the Orange Circuit Court by failing to perfect the change of venue to Washington County.

In both of those cases the *party* failed to take a required procedural step. In this case, the relator had taken all the steps required to obtain a change of venue from the county, but the judge failed to act on the motion.

In the case of *Moore* v. *American National Bank at Indpls.* (1944), 114 Ind. App. 551, 52 N. E. 2d 513, the court held that the denial of a motion for change of venue from the judge was not reversible error where parties entered into a judgment by agreement and consented to the regular judge entering this judgment. There is no judgment by agreement in our case. In *Mannix* v. *State ex rel. Mitchell* (1888), 115 Ind. 245, 17 N. E. 565, the last case relied on by respondent, there was no question of a waiver of a motion for change of venue.

That case involved a single cause and the party Mannix had himself sought the change of venue, had moved for a continuance of that cause in the venue county, and then sought to have the cause remanded to Hancock County from which it had been venued. The court merely held that Mannix was not entitled to a remand since his motion for continuance waived any mere irregularities in the procedure to that point.

This waiver issue is disposed of by the case of *State* v. *Laxton, et al.* (1961), 242 Ind. 331, 178 N. E. 2d 901. In this case a party made a timely and proper motion for change of venue from the county on July 18, 1959. The motion was not ruled upon at the time of filing. The motion was finally overruled on February 3, 1960. At the time the motion was filed, the clerk stamped it filed and put it in an envelope in the file jacket of the case and with the intention of bringing it to the attention of the trial judge as soon as a special judge qualified and was available. On November 4, 1959, the party who had filed the motion filed another motion with the court for an entry showing the filing of his motion for change of venue on July 18, 1959, which was taken under advisement. On December 19, 1959, the party in open court requested the

trial court to sustain the motion for change of venue. The court finally overruled the motion on February 3, 1960. This Court said:

"When the motion for a change of venue from the county was brought to the attention of the court, by appellant on December 19, 1959, by orally moving the court to sustain and grant its motion for a change of venue from the county, it was then the duty of the special judge to grant the change." 242 Ind. at 336.

That case stands for the proposition that a motion for change of venue from the county cannot grow so stale from the passage of time alone that it need not be granted.

Neither is there authority that the motion for a continuance of the trial set in Civil Cause No. 196-66 and granted by the court constituted a waiver of the motion for change of venue which had been previously filed in Probate Cause No. 4049. The trial court and counsel have, until this original action, treated the Petition to Probate Will in Probate Cause No. 4049, and the Complaint to Resist Probate of Will, Cause No. 196-66, as separate and distinct cases and entitled to separate treatment. Clearly no one thought relators were affecting No. 4049 when they moved for a continuance in No. 196-66.

We, therefore, hold that when it was brought to the attention of the trial court that a proper and timely motion for change of venue from the county had been filed in Probate Cause No. 4049, the trial court had no alternative but to grant it.

The consequences of granting a change of venue to another county of the Petition to Probate in Probate Cause No. 4049 will be that the entire will contest will be determined in the venue county. This means that the Complaint to Resist Probate, Civil Cause No. 196-66 must also be changed to the venue county.

It is obvious that the objection to the probate of any will, the petition to probate the will, and the action to resist pro-

bate of the will are integral parts of the same case and merge in the final analysis into one case, the purpose of which is to litigate the issue of whether or not the tendered will is entitled to be admitted to probate. The issue in such a case could be formed by more than one complaint to resist probate and it has been held proper for a court to merge the action to resist probate into the estate proceeding. *State ex rel. Townsend* v. *Tipton Circuit Court* (1961), 242 Ind. 226, 177 N. E. 2d 590.

It is clear that the statutory scheme contemplates treating these two causes as integral parts of the same case. Indiana Acts 1953, ch. 112, § 721, being Burns' Ind. Stat. Ann. § 7-121 provides that in the suit on the Complaint to Resist Probate:

> "If such determination be against the validity of such will or the competency of the proof, the court shall refuse or revoke the probate thereof; but if it be in favor of the validity and due execution of such will, probate thereof shall be admitted or ratified."

The respondent recognizes this and admits in Paragraph 18 of his response that "if the Supreme Court orders a change of venue herein then the complaint to resist the probate of will must be venued together with the petition to probate will."

The temporary and alternative writ of mandate and prohibition is made permanent and the trial court is ordered to grant the relators' motion for change of venue from the county filed in Probate Cause No. 4049.

Givan, J., concurs; Arterburn, J., concurs in result; Hunter, J., dissents with opinion in which Jackson, J., concurs.

### DISSENTING OPINION

HUNTER, J.—I regret that I must dissent from the majority opinion in this case, which in effect holds that after two years and eight months in which it appeared a motion for a change of venue was totally abandoned, the trial court nevertheless

has lost jurisdiction and the change of venue must be granted in a writ of prohibition to this court.

It should be noted that the record before us is not sufficient for us to act upon a writ of prohibition since under Rule 2-35, certified copies of all pertinent court records of the trial court must be made exhibits to the petition asking for the writ. The relators here do not have any properly certified copies by the clerk of the trial court of the petition to probate the will, the plaintiff's complaint to resist the probate of the will and the orders and entries in Cause Number 196-66 pertaining to the subject matter here. They only present "certified" copies made by the parties personally. This, of course, is not sufficient. *State ex rel. Dean* v. *Tipton Circuit Court* (1962), 242 Ind. 642, 181 N. E. 2d 230. *State ex rel. Buis* v. *Hendricks Superior Court* (1964), 246 Ind. 1, 201 N. E. 2d 697.

The relators in their verified petition state: "However, the clerk of the Circuit Court of Jasper County failed to certify the petition to probate in the certified record." It is obvious this court does not have the facts upon which to determine the merits of this case.

However, since the majority opinion assumes to go into the merits, I shall give due consideration to that matter.

The record shows that the decedent, Gawanda J. Bechert, died a resident of Jasper County on November 16, 1965. On January 5, 1966, objections were filed to the probate of any will in the estate of the decedent. Thereafter on August 11, 1966, the relator James E. Bechert filed a petition to probate the will of the decedent and simultaneously filed a motion for a change of venue from Jasper County to probate Cause Number 4049. On September 8, 1966, and within thirty days after the petition to probate the will, as provided by statute, a complaint to resist the probate of the will was filed, and it was given a separate civil cause number, 196-66. The relators under the latter cause number, appeared and filed an answer to the complaint to resist the probate of the will and filed a

second motion for a change of venue, but in this latter cause number 196-66 the relators also asked for a jury trial on the issue of the probate of the will.

This second change of venue from the county was denied by the court and subsequently the denial was upheld in the Supreme Court of this state in the case of *State ex rel. Bechert* v. *Jasper Circuit Court* (1968), 249 Ind. 695, 234 N. E. 2d 492.

Then, on April 17, 1969, five days before the date set for trial, relators filed a motion for continuance and a motion to dismiss the suit on the ground the Jasper Circuit Court lost jurisdiction because two and one-half years prior thereto the relators had filed their first motion for a change of venue in the probate cause, number 4049.

During the two years and eight months that followed the filing of the motion for a change of venue on the petition to probate the will in the probate court in cause number 4049, the relators have filed or acted on in cause number 196-66, where the issue is joined on the probate of the will, the following:

(1) September 28, 1966, general appearance to the complaint to resist probate of will.

(2) September 28, 1966, written request for trial by jury.

(3) November 15, 1966, answer to plaintiff's complaint to resist probate of will.

(4) November 15, 1966, motion for change of venue from the county on complaint to resist probate of will. (Denied by Jasper Circuit Court.)

(5) Proceedings in Supreme Court of Indiana to mandate Jasper Circuit Court to grant change of venue. (Writ denied) (*State ex rel. Bechert* v. *Jasper Circuit Court et al.* (1968), 249 Ind. 695, 234 N. E. 2d 492).

(6) August 16, 1968, motion for continuance of jury trial set for September 19, 1968 in suit to resist probate of will *and request that said trial be re-set after January 1, 1969.*

(7) January 28, 1969, Jasper Circuit Court re-set cause for jury trial on April 22, 1969.

(8) April 17, 1969, motion for continuance and motion to dismiss complaint.

The writ asked for herein is to enforce a change of venue in cause number 196-66 in the civil docket because a petition to change the venue was filed in the probate court two and one-half years prior thereto where, in an ex parte action, along with the application to probate, the relators filed an affidavit for a change of venue, which they never pushed and never presented to the court for action.

The majority opinion states that a motion for a change of venue "cannot grow so stale from the passage of time alone that it need not be granted" and then cites the case of *State* v. *Laxton, et al.* (1961), 242 Ind. 331, 178 N. E. 2d 901, as authority therefor. The facts reveal there that although the motion for a change of venue was filed in that case on July 18, 1959, through inadvertence by the clerk it was not brought to the attention of the court until November 4, 1959, when the party presented it to the court for action. Next month, on December 19, 1959, that party requested the court to grant the change, and the court overruled the change on February 3, 1960. The facts show no long period of time such as we have here of more than two years or action by the party in that case inconsistent with its application and desire to change the venue from the court. The case does not appear to be on point. Therefore, it is my belief that the staleness of the motion as demonstrated by the record has conferred jurisdiction upon the court by acquiescence amounting to waiver of the right to change of venue.

Furthermore, I point out that before a person may ask for a writ of mandate or prohibition, he must show that he has acted with all promptness and speedily. The relators here make no excuse whatsoever for the lapse of two and one-half years in asserting their rights under said motion. Possibly relators allowed the court to proceed to that point where the climate or court rulings were no longer favorable and then

wished they had insisted upon their original motion for change of venue.

Had the relators desired really and seriously to press their first application for change of venue, they could have done so instead of filing a second application for a change of venue, which they took to this court, and in which they received an adverse ruling, as previously stated.

For the foregoing reasons I am of the opinion that the relators at this late period have removed themselves from the cloak of equity in seeking a writ of prohibition in another cause, wherein they have slept upon their rights and permitted the parties and the court to reach the point of fixing a trial date in this matter.

The writ should be denied.

Jackson, J., concurs.

NOTE.—Reported in 252 N. E. 2d 589.