**Pat O'CONNOR, Appellant–
Plaintiff Below,**

v.

**Tisa Ann LOWE, Vera Jean Fugate,
and Danny Gibbons, Appellee–
Defendants Below.**

**No. 24A04–9205–CV–170.[1]**

Court of Appeals of Indiana,
Third District.

Jan. 21, 1993.

Rehearing Denied March 22, 1993.

Neil R. Comer, Osgood, for appellant.

Douglas R. Denmure, Aurora, for appellee.

STATON, Judge.

Pat O'Connor, the beneficiary of a prior will of Wilma O'Connor, appeals the dismissal of his action to resist probate of a will[2] under Ind.Trial Rule 12(B) by the Franklin Circuit Court. The following issues are presented for our review:

    I.   Whether a valid cause of action exists under IND.CODE 29–1–7–16 (Supp.1992).

    II.  Whether the Franklin Circuit Court was bound by the Dearborn Circuit Court's determination concerning O'Connor's failure to present objections in compliance with IC 29–1–7–16.

We affirm.

On December 26, 1989, Wilma O'Connor executed a will naming her nephew, Pat O'Connor (O'Connor), as her sole beneficiary. However, on April 19, 1990, Wilma executed a new will (the "April will") which

---

**1.** This case was diverted to this office by order of the Chief Judge.

**2.** Pursuant to IND.CODE 29–1–7–16 (Supp. 1992).

named Lowe and the other Defendants herein as the beneficiaries and revoked all previous wills. Wilma died on December 15, 1990.

On December 26, 1990, O'Connor attempted to file his objections to the probate of the April will (the "December objections"), but the December objections did not state they were "not [made] for vexation or delay" as expressly required in IC 29–1–7–16. On January 3, 1991, Tisa Lowe filed a petition to probate the April will. On January 31, 1991, O'Connor filed, as a separate civil action, a complaint to resist the probate of the April will in the Dearborn Circuit Court (hereinafter the "action to resist probate").

On March 20, 1991, the Dearborn Circuit Court ruled on several related motions pending before it. First, without ruling on a March 6, 1991 motion to dismiss the action to resist probate, it granted a change of venue in that action. Second, in the probate action, after specifically finding the December objections did not state that "such objections [were] not made for vexation or delay" as required by IC 29–1–7–16, the court granted a motion to dismiss the December objections. Third, because now there were no pending objections to probate, the Dearborn Circuit Court granted Lowe's petition to probate the April will.

On April 25, 1991, as a result of the change of venue, the Franklin Circuit Court received the action to resist probate. On October 22, 1991, the Defendants' supplemented their March 6, 1991 motion to dismiss. On December 19, 1991, the Franklin Circuit court held a hearing on the motion to dismiss. On January 24, 1992, the Franklin Circuit Court concluded the Dearborn Circuit Court's determination concerning the December objections was *res judi-*

cata and dismissed O'Connor's action to resist the probate of the will. O'Connor appeals.

## I.

### Action to Resist Probate

■ IC 29–1–7–16 provides for an action to resist the probate of a will. The action to resist probate did not exist at common law, and the statutory requirements of IC 29–1–7–16 are strictly construed. *Fort v. White* (1913), 54 Ind.App. 210, 101 N.E. 27, *trans. denied.* O'Connor failed to comply with IC 29–1–7–16 which requires that "Prior to the admission of a will to probate, written objections to its probate *alleging that such objections are not made for vexation or delay* may be filed in the court having jurisdiction ..." (emphasis added).[3] The Dearborn Circuit Court dismissed the December objections for failure to comply with IC 29–1–7–16, and O'Connor took no action to remedy the dismissal.

O'Connor could have proceeded one of two ways to protect his cause of action. O'Connor could have filed amended objections in compliance with IC 29–1–7–16 in either court. Ind.Trial Rule 12(B)(8) provides that:

> When a motion to dismiss is sustained for failure to state a claim under 12(B)(6) of this rule the pleading may be amended once as of right pursuant to T.R. 15(a) within ten (10) days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

The Dearborn Circuit Court retained its jurisdiction over the probated will, and the Franklin Circuit Court obtained jurisdiction of the action to resist probate on April 25, 1991.[4] O'Connor did not attempt to amend

3. While IND.CODE 29–1–1–9 (1989) states "No defect in form or substance in any petition, nor the absence of a petition, shall invalidate any proceedings", IND.CODE 29–1–1–4 (1989) allows the courts to consult the comments of the Indiana Probate Code Study Commission. The comments to IC 29–1–1–9 state in relevant part that: "[A] defective petition ... does not prevent an opposing litigant from insisting upon the filing of an amended petition, nor does it dispense with the proof of the necessary facts."

Thus, Lowe had the right to insist upon compliance with IC 29–1–7–16, and O'Connor failed to comply.

4. If the amended objections were properly filed and the Franklin Circuit Court had made a determination against the validity of the April will, IC 29–1–7–21 provides the power to revoke the probate of the will. *See also State Ex Rel. Bechert v. Jasper Circuit Court* (1969), 253 Ind. 212, 252 N.E.2d 589, 593 (discussing the rela-

**400**

the December objections in either court as provided for in T.R. 12(B)(8).

Additionally, O'Connor could have filed an action to contest the April will in the Dearborn Circuit Court.[5] IC 29–1–7–17 permits the filing of an action to contest a will "within five (5) months *after the date of the order* admitting the will to probate ..." (emphasis added). Because the Dearborn Circuit Court's order admitted the April 1990 will to probate on March 20, 1991, O'Connor's filing on January 31, 1991 could not comply with IC 29–1–7–17 which required his filing *after the date of the order.* O'Connor made no subsequent filing in the Dearborn Circuit Court.

## II.

### *Dearborn Circuit Court Order*

██ The Franklin Circuit Court determined the Dearborn Circuit Court's dismissal of the December objections was *res judicata* in considering the motion to dismiss the action to resist probate. An action to resist probate is statutory and may properly proceed as a separate action in the circuit court. *State ex rel. Bechert v. Jasper Circuit Court* (1969), 253 Ind. 212, 252 N.E.2d 589, 593; *State ex rel. Townsend, etc. v. Tipton Circuit Court* (1961), 242 Ind. 226, 177 N.E.2d 590, 592. Because objections to the probate of any will, the petition to probate the will, and the action to resist probate of the will are integral parts of the same case and merge in the final analysis into one case, each proceeding must take cognizance of and judicial notice of the rulings and ultimate determinations of the separate action. *Townsend,* 242 Ind. 226, 177 N.E.2d at 592. The purpose of these proceedings is to litigate the issue of whether the tendered will is entitled to be admitted to probate. *Townsend, supra.*

██ *Townsend* requires the Franklin Circuit Court to take cognizance and judicial notice of the actions in the Dearborn

Circuit Court regarding the December objections. Therefore, the Franklin Circuit Court correctly determined it was bound by the Dearborn Circuit Court's determination concerning the December objections, discussed *supra,* part I. *Id.* While erroneously labeling it *res judicata,* the Franklin Circuit Court recognized the merger of these actions explained in *Townsend, supra.*

We affirm.

GARRARD and CHEZEM, JJ., concur.

---

tionship between a petition to probate the will and an action to resist probate of the will).

**5.** The amended petition and the action to contest the will are presented in the alternative.

*Morell v. Morell* (1901), 157 Ind. 179, 60 N.E. 1092 (parties resisting the probate of a will can not afterwards contest the same).