Donald Lee TOON, as Executor of the Estate of Colleen Gantz, Deceased, and Jeannine Ann Toon and Glenda G. Stone, Appellants–Plaintiffs,

v.

John D. GERTH, Appellee–Defendant.

No. 83A04–9903–CV–126.

Court of Appeals of Indiana.

Sept. 21, 2000.

D. Charles Gantz, Gantz & Associates, Greenwood, Indiana, John D. Raikos, Indianapolis, Indiana, Attorneys for Appellants.

Louis F. Britton, Scott Craig, Cox, Zwerner, Gambill & Sullivan ,Terre Haute, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Plaintiff Donald Lee Toon ("Toon"), appeals the circuit court's order granting Appellee–Respondent John D. Gerth's ("Gerth") Motion for Summary Judgment, which effectively dismissed Toon's will contest Complaint. We reverse for further proceedings consistent with this opinion.

### Issue

Toon raises three issues on appeal,[1] of which the following issue, as restated, is dispositive:

> Whether the circuit court abused its discretion when it denied Toon's motion to amend his Complaint ("Motion to Amend Complaint to Add Interested Parties") to add Jeannine Toon ("Jeannine") and Glenda Stone ("Glenda") as plaintiffs.

### Facts

On April 13, 1984, Robert Gantz ("Robert") and Colleen Gantz ("Colleen"), husband and wife, each executed wills. Colleen's will ("1984 Will") left all of her property to her husband, and in the event he did not survive her, she bequeathed her estate in equal shares to her stepdaughters, Jeannine and Glenda. The 1984 wills were intended to be mutual and reciprocal, as indicated by the following provision in the 1984 Will:

> My husband, Robert S. Gantz, and I have agreed that we shall each make a separate will bearing the same date disposing of all property that we own together as tenants by the entirety, individually, or otherwise, with the understanding that such wills are mutual and upon the death of either one of us that the survivor can not [sic] change his or her will and that the provisions of both of the wills for each other are consideration for each of said wills and that pursuant to this agreement I hereinafter give, devise and bequeath absolutely, my Residuary Estate to the persons hereinafter set out in Article VI of my will.

(R. 34.) Toon, the son of Jeannine, and step-grandson of Colleen, was nominated executor of the 1984 Will in the event that Robert could not so serve.[2]

---

1. We find the dispositive issue in this appeal to rest within Toon's Issue Three; namely, whether the circuit court erred in granting Gerth's Motion for Summary Judgment. However, because the circuit court's denial of Toon's Motion to Amend Complaint to Add Interested Parties effectively determined the circuit court's grant of Gerth's Motion for Summary Judgment, we have limited our analysis to whether the circuit court abused its discretion when it denied Toon's Motion to Amend Complaint to Add Interested Parties. As restated, we find such issue to be dispositive of the matters presented on appeal.

2. Further noted in the record, and briefs submitted on appeal, is Robert and Colleen's subsequent execution of wills in 1994. In the first paragraph of Colleen's 1994 will ("1994 Will"), she revoked all prior wills. The disposition of property in the 1994 Will was the same as under the 1984 Will, with the exception of a specific devise of $5,000.00 to the Vermillion County Hospital. The 1994 Will further provided that in the event Robert could not serve as executor, Jeannine would so serve. Additionally, the 1994 Will did not contain the mutual and reciprocal language that was present in the 1984 Will. However, on appeal, Toon asserts

Robert died on November 15, 1995. On March 28, 1997, with the assistance of an attorney referred to her by her neighbor Gerth, Colleen executed a new will ("1997 Will"). Colleen revoked all prior wills, named her neighbor Gerth as executor, bequeathed $500.00 to Jeannine and $500.00 to Glenda, and devised the remainder of her estate to Gerth. Colleen died April 7, 1997.

## Procedure

On April 14, 1997, Toon filed a petition with the circuit court to probate the 1984 Will and issue letters testamentary. A copy of the 1984 Will was attached to Toon's petition. The next day, April 15, 1997, the circuit court admitted the 1984 Will to probate, appointed Toon executor of the estate of Colleen, and directed the court to issue letters testamentary.

On May 15, 1997, Gerth petitioned the circuit court to revoke the 1984 Will, remove Toon as executor, revoke the letters testamentary issued to Toon, require Toon to file an inventory of the estate's assets, probate the 1997 Will, and appoint Gerth as personal representative and executor of the estate. The circuit court set the matter for hearing on June 4, 1997. At the hearing, Jeannine and Glenda filed written objections to the probate of the 1997 Will. Stepdaughters Jeannine and Glenda objected to the probate of the 1997 Will "upon the basis that [Colleen] was of unsound mind at the time of the execution of said will and that said will was executed under duress."[3] On July 3, 1997, the circuit court revoked the 1984 Will, removed

Toon as executor of the estate, ordered Toon to file an interim accounting of the estate's assets, admitted the 1997 Will to probate, appointed Gerth executor, and issued letters testamentary to Gerth.

On September 29, 1997, Toon filed a verified complaint to contest the 1997 Will. Count I of the Complaint alleged that the 1997 Will was not valid because (1) the signature was not the decedent's, (2) Colleen was of unsound mind at the time the 1997 Will was executed and (3) the 1997 Will was the product of undue influence and duress on the part of Gerth. Count II of Toon's Complaint alleged that Gerth defrauded Colleen into transferring a certificate of deposit to Gerth shortly before her death. Gerth's Answer to the Complaint was filed October 27, 1997.

Approximately nine months later, on July 17, 1998, Gerth filed a Motion to Dismiss Toon's Complaint, arguing that Toon was not an "interested person" entitled to bring a will contest under Indiana Code section 29-1-7-17. In response, Toon filed a motion to strike, arguing that Gerth's Motion to Dismiss should be stricken in its entirety because it raised affirmative defenses that were not previously raised in Gerth's Answer. On July 22, 1998, a jury trial was commenced. However, following jury selection a juror made a disclosure to the circuit court for which Toon challenged to excuse the juror. The juror was excused and Toon motioned for a mistrial, which was granted. The jury trial was reset for September 8, 1999.

that "[Colleen] and [Robert] *again signed mutual wills on December 22, 1994,* . . . at which time they confirmed their prior intentions to name [Jeannine] and [Glenda] third party beneficiaries".... (Appellant's brief at 2–3; emphasis added.) This assertion is unsupported by the evidence. More generally, the scant record and limited issues raised in this appeal hamper this Court's review in two regards: (1) we are unable to determine why the 1994 Will was not offered for probate, and (2) we are unable to consider whether Colleen and Robert executed mutual and reciprocal wills in 1994, an issue which *may* prove to be dispositive upon remand. Ac-

cordingly, we proceed on the issues and record with which we were presented.

**3.** Apparently, later that same day, on June 4, 1997, an additional hearing was held with only the attorneys for Toon and Gerth appearing. The circuit court's chronological entry from such hearing provides only that the "[p]arties inform the court they have reached an agreement. Order to follow." (R. 165.) However, as this hearing was not recorded, it is entirely unclear what the parties agreed upon.

On July 27, 1998, Gerth filed a Motion for Summary Judgment. At that time, Gerth renewed his argument that Toon was not an "interested person," pursuant to Indiana Code section 29–1–7–17. Following a grant for an initial enlargement of time, Toon belatedly filed his Brief in Opposition to the Summary Judgment on November 12, 1998. Additionally, Toon filed a Motion to Amend Complaint to Add Interested Parties Jeannine and Glenda. Following a hearing on the Motion for Summary Judgment on November 17, 1998, the trial court took the matter under advisement.

On December 7, 1998, the circuit court granted Gerth's Motion for Summary Judgment and denied Toon's Motion to Amend Complaint to Add Interested Parties The court's order read, in pertinent part, as follows:

> On July 27, 1998, [Gerth] filed a Motion for Summary Judgment claiming that [Toon] was not an interested party. This [Motion] was set for hearing for September 29, 1998. [Toon] filed for additional time to respond which was granted to and including October 28, 1998 . . .
>
> On November 12, 1998[,] [Toon] filed MOTION TO AMEND to add interested parties and Designated Materials in opposition to [Gerth's] Motion for Summary Judgment. [Toon] gave no reasonable excuse for the late filing.
>
> The Court sustains [Gerth's] motion to exclude the late filings. (Additionally, the Court notes that this is a will contest and that it is long past the five (5) month period to bring a will contest.)
>
> The Court finds that there is no dispute of facts and that the designated Plaintiff [Toon] . . ., Executor of the Estate of Colleen Gantz, Deceased[,] is not a proper person or interested party to bring this action.
>
> Therefore[,] as a matter of law[,] [Gerth's] MOTION FOR SUMMARY JUDGMENT is granted and the action is Ordered dismissed.

> SO ORDERED this 7[th] day of December, 1998.

(R. 158–59.) Thereafter, Toon filed his Motion to Correct Errors and supporting memorandum of law on January 5, 1999. The circuit court did not set Toon's Motion to Correct Errors for hearing within forty-five days, and thus it was deemed denied. This appeal followed.

### Discussion and Decision

Our determination of whether the trial court erred when it denied Toon's Motion to Amend Complaint to Add Interested Parties necessitates a two-part analysis. We must decide the following: (1) whether stepdaughters Jeannine and Glenda are "interested persons," and (2) whether Toon's Motion to Amend Complaint to Add Interested Parties effectively invoked Indiana Trial Rule 17(A).

### A. Standard of Review—Denial of a Motion to Amend Complaint

██ The trial court has broad discretion in granting or denying amendments to the pleadings. *Mullen v. Cogdell*, 643 N.E.2d 390, 399 (Ind.Ct.App.1994.) An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts of a case. *Hudgins v. McAtee*, 596 N.E.2d 286, 289 (Ind.Ct.App. 1992.)

### B. Probate Procedure and Indiana Trial Rule 17(A)

#### 1. Objections to Probate, The Will Contest & "Interested Persons"

██ Indiana Code section 29–1–7–16 covers the provisions for filing written objections to the probate of a will. It provides as follows:

> Prior to the admission of a will to probate, written objections to its probate alleging that such objections are not made for vexation or delay may be filed in the court having jurisdiction over the probate of the will by any interested

person. No notice of the filing of such objection may be given. The clerk shall note such filing of an objection in the estate docket and copy such objections in the record. If such will is thereafter offered for probate, it shall be impounded by the clerk, copied in the will record, and its probate continued for thirty (30) days. If an action to resist the probate of such will is not commenced within thirty (30) days, such will may be admitted to probate without notice.

The action to resist probate did not exist at common law, and therefore the statutory requirements of Indiana Code section 29–1–7–16 are strictly construed. *O'Connor v. Lowe,* 607 N.E.2d 398, 399 (Ind.Ct. App.1993). Moreover, an action to resist probate must be filed prior to the admission of the will to probate, and an action to contest a will must be filed after the date of the order admitting the will to probate. *O'Connor,* 607 N.E.2d at 399–400. Indiana Code section 29–1–7–17 sets forth the requisite procedure and substance of a will contest. It provides as follows:

> Any interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within five (5) months after the date of the order admitting the will to probate by filing in the court the person's allegations in writing verified by affidavit, setting forth:
> (1) the unsoundness of mind of the testator;
> (2) the undue execution of the will;
> (3) that the will was executed under duress or was obtained by fraud; or
> (4) any other valid objection to the will's validity or the probate of the will.
> The executor and all other persons beneficially interested in the will shall be made defendants to the action.

The term "interested persons," as contained in the above referenced code sections, is defined in Indiana Code section 29–1–1–3 as "heirs, devisees, spouses, creditors, or any others having a property right or claim against the estate of a decedent being administered." Furthermore, "this meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved." IND. CODE § 29–1–1–3.

2. Indiana Trial Rule 17(A)

■ The procedure in probate is separate and distinct from the procedure for civil proceedings prescribed in the trial rules. *MacLeod v. Guardianship of Hunter,* 671 N.E.2d 177, 178 (Ind.Ct.App. 1996.) Thus, "it is only where the probate code does not provide an adequate and complete mode of procedure that it is proper to resort to the rules of pleading and practice applicable to civil actions." *Community Hospitals of Indiana, Inc. v. Estate of North,* 661 N.E.2d 1235, 1239 (Ind.Ct.App.1996). Here, we find the probate code to provide inadequate procedural guidance as to the issue of adding "interested parties" to a will contest complaint, and therefore under the facts of this case we rely on Indiana Trial Rule 17(A) to supplement our analysis.

Indiana Trial Rule 17(A) reads in pertinent part as follows:

> (A) Real party in interest. Every action shall be prosecuted in the name of the real party in interest.
>
> . . . .
>
> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest.

This rule "encourages allowing the real party in interest to be joined or substituted in the action." *Beason–Strange–Claussen v. City of Hammond,* 701 N.E.2d 1288, 1290 (Ind.Ct.App.1998) *trans. denied*

(quoting *Hammes v. Brumley,* 659 N.E.2d 1021, 1029 (Ind.1995); *but see Hosler v. Caterpillar, Inc.,* 710 N.E.2d 193, 196–98 (Ind.Ct.App.1999)) *trans. denied* (holding that the "procedural liberality" of Indiana Trial Rule 17(A) did not save a plaintiff's wrongful death action from being dismissed, where said plaintiff failed to be appointed as personal representative within two years of decedent's death, and thus failed to meet that statutory condition precedent contained in Indiana's Wrongful Death Act). A real party in interest "is the person who is the true owner of the right sought to be enforced." *Hammes,* 659 N.E.2d at 1030. Similar to the concept of "standing," the point of the real party in interest requirement "is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation." *Beason–Strange–Claussen,* 701 N.E.2d at 1290.

C. *Analysis—Jeannine and Glenda as "Interested Persons" and the Applicability of Indiana Trial Rule 17(A)*

■ Indiana Code section 29–1–1–3 defines "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right or claim against the estate of a decedent being administered." The 1997 Will provides as follows:

### ITEM III

I hereby give, will, devise and bequeath the sum of Five Hundred Dollars ($500.00) to my step daughter [sic], Jeannine Ann Toon.

---

4. The failure to have the June 4, 1997 hearing transcribed has greatly impeded this Court's ability to construe the procedural posture assumed by the parties at said hearing. Nevertheless, the stepdaughters' actions of submitting written objections on this date, and the parties' "agreement," noted only in the circuit court's case chronology, would indicate that these hearings were conducted so that stepdaughters could resist the probate of the 1997 Will, despite the fact that normally Gerth's petition to revoke the 1984 Will and probate the 1997 Will would effectuate a will contest.

### ITEM IV

I hereby give, will, devise and bequeath the sum of Five Hundred Dollars ($500.00) to my step daughter [sic], Glenda Gay Stone.

Accordingly, stepdaughters Jeannine and Glenda are devisees under the contested 1997 Will, and, as such, fit squarely within the definition of "interested persons." Thus, we proceed by analyzing whether, under the facts of this case, "interested persons" Jeannine and Glenda may be added to Toon's timely will contest complaint under Indiana Trial Rule 17(A).

■ On April 14, 1997, Toon assumed his duties as executor of the 1984 Will by filing a petition to probate the 1984 Will. The 1984 Will was admitted to probate the next day. On May 15, 1997, Gerth filed his motion to revoke the 1984 Will and probate the 1997 Will, a hearing followed on June 4, 1997. At this hearing, stepdaughters Jeannine and Glenda, apparently proceeding under Indiana Code section 29–1–7–16,[4] filed written objections to the probate of the 1997 Will. The stepdaughters' objections read as follows:

2. That said beneficiaries object to the probate of decedent's will dated March 28, 1997, upon the basis that the decedent was of unsound mind at the time of the execution of said will and that said will was executed under duress.

(R. 44.) On July 3, 1997, the circuit court revoked the 1984 Will, removed Toon as executor and admitted the 1997 Will to probate.[5] On September 29, 1997, Toon filed a will contest, which included the same allegations of unsoundness of mind

See *In re Plummer's Estate,* 141 Ind.App. 142, 219 N.E.2d 917, 922–23 (1966) (holding that a "proceeding to substitute a will not probated [here, the 1997 Will] for one already probated [here, the 1984 Will] is a statutory will contest in this state . . . .").

5. Jeannine and Glenda failed to initiate an action to resist probate within thirty days of filing their written objections, and consequently the 1997 Will was properly admitted to probate. *See* IND.CODE § 29–1–7–16.

and duress that were contained in step-daughters' written objections. In accordance with Indiana Code section 29–1–7–17, this will contest was brought within five months of the circuit court's July 3, 1997 order that admitted the 1997 Will to probate. However, Toon was not an "interested person," as further required by Indiana Code section 29–1–7–17. (*See In re Estate of Nye*, 157 Ind.App. 236, 299 N.E.2d 854, 866 (1973) (citing *Harris v. Harris*, (1878) 61 Ind. 117, 128) (holding that "[t]he executor of a prior will would appear to occupy no different position (with respect to having or not having an interest of his own) nor does any statute purport to confer on him any right to become a plaintiff in any will contest as the representative of any other person's interest.")).

■ Nevertheless, while Toon does not appear to be an "interested person," as that term is used in the Indiana Code and further restricted in *In re Estate of Nye*, this determination does not necessarily equate to a lack of standing. *See* 2A J. GRIMES, *HENRY'S PROBATE LAW & PRACTICE*, Ch. 30 § 10 n. 11 (stating that if "a will has been admitted to probate in Indiana it would seem that the executor could properly oppose the attempted probate of an alleged later revoking will since this is a contest of the first probated will.") Moreover, included in the duties of an executor is "a fiduciary responsibility to creditors and *beneficiaries* [.]" 1B J. GRIMES, *HENRY'S PROBATE LAW & PRACTICE*, Ch. 13, § 3 (7th ed.1978) (emphasis added); *see also In re Estate of Kingseed*, 413 N.E.2d 917, 927 (Ind.Ct.App.1980) (holding that the personal representative is duty bound to manage and protect estate assets for both creditors and *distributees* ) (emphasis added). Accordingly, here, where Toon assumed the duties of executor of the 1984 Will, contested the probate of the 1997 Will, and presented the circuit court with a will contest argument that furthers the allegations first lodged by stepdaughters, we cannot conclude that Toon has not properly invoked the jurisdiction of the circuit court. Indiana Trial Rule 17(A) encourages joining or substituting the "real party in interest." Here, Jeannine and Glenda are devisees under the 1997 Will, and accordingly are the "true owner[s]" of the rights contested by way of Toon's will contest. *See Hammes v. Brumley*, 659 N.E.2d at 1030. Toon sought to add Jeannine and Glenda four months after the "interested persons" issue was raised by Gerth in his Motion for Summary Judgment. In light of "Indiana's strong preference for resolution of cases on the merits," *State, Dept. of Natural Resources v. Van Keppel*, 583 N.E.2d 161, 163 (Ind.Ct.App.1991), and the language contained in Indiana Trial Rule 17(A), that "every action shall be prosecuted in the name of the real party in interest[,]" we find that Toon's Motion to Amend to Add Interested Parties was brought within a reasonable time and that the circuit court abused its discretion by denying said motion. Consequently, we reverse the circuit court's denial of Toon's Motion to Amend to Add Interested Parties, and instruct the circuit court to add stepdaughters Jeannine and Glenda as "interested persons" pursuant to Indiana Trial Rule 17(A) as of the date Toon filed his will contest, September 29, 1997, and thereby further reverse the circuit court's grant of Gerth's Motion for Summary Judgment.

Reversed for further proceedings consistent with this opinion.

SULLIVAN, J., and VAIDIK, J., concur.